Hill *vs.* Hatcher.

---

JOHN M. HILL, plaintiff in error, *vs.* ELIZABETH HATCHER, defendant in error.

Suit for rent was brought to March term, 1866, of the inferior court of Muscogee county, against J. R. Hull, of said county, and J. M. Hill, of the county of Coweta. Hull acknowledged service on a separate piece of paper, October 31st, 1865, waiving process, etc. No parties were mentioned in this paper, and it was attached to the petition filed in office, January 2d, 1866 ; but on the hearing of the motion, it was proved that the acknowledgment was intended for this suit. The clerk did not attach a process to the original writ, but issued a second original for Coweta, with a process against both defendants, a copy of which was duly served on Hill. Judgment was regularly obtained at March term, 1866, which Hill, at November term, 1873, of Muscogee superior court, moved to set aside. 1st. Because the court rendering said judgment had no jurisdiction. 2d. Because a second original was not served upon him in terms of the law. 3d. Because he does not owe said debt, and did not when judgment was rendered.

*Held*, that there was no error in overruling the motion.

Service. Judgments. Process. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1873.

This case is fully reported in the above head-note.

R. J. Moses, by Peabody & Brannon, for plaintiff in error.

L. T. Downing, for defendant.

Trippe, Judge.

The evidence on the hearing of the motion showed that the defendant, Hull, who resided in Muscogee county, where the action was brought, acknowledged service on a separate paper, with the understanding that it was service of notice of this suit. He waived process in that acknowledgment. This paper was attached to the declaration when it was filed in the clerk's office. Hull lived in Muscogee county, and made no objection to the judgment on any grounds, either for irregularity or want of jurisdiction. The superior court of Muscogee county had jurisdiction of the person of Hull and of the subject matter of the action. He does not deny that he was served, or that he waived process, nor even set up that there was any irregularity affecting the proceedings against him. Nor could he successfully deny either of those facts, or at this late day—six years after the judgment—set it aside for irregularity in the manner of the service adopted by himself and acquiesced in so long. If, under the facts, he could not, we see no reason in permitting a co-defendant to avail himself of those facts for his benefit. The judgment is valid against Hull, and if plaintiff in error has it to pay it will be worth to him whatever a valid judgment may avail him for reimbursement, provided he has any claim to it.

The other objection is that plaintiff in error, who resided in the county of Coweta, was not served with a second original in terms of the law. The point in this objection is: that as no process was attached to the original writ, and the second original for Coweta county did have a process, it was, therefore, not a *copy of the former*, and that the law was not complied with, which says that "if any of the defendants reside out of the county, the clerk shall issue a second original and

Hill *vs.* Hatcher.

copy for such other county or counties, and forward the same to the sheriff, who shall serve the copy and return the second original, etc." If the objection made in this case be a good one, then would it apply to every case of a second original sent to other counties. For there is no second original which is precisely a copy both of the declaration (which is filed in the clerk's office) and the *process* attached to it. The *process* to the original is directed to the sheriff of the county where suit is instituted. That attached to the second original and copy thereof, is directed to the sheriff of the county where it is to be sent, which is where the other defendant resides. But it is not necessary to rest this decision on this narrow ground. The original declaration, with the acknowledgment of service and waiver of process, etc., brought the resident defendant properly into court. The second original, with the process attached thereto directed to the sheriff of Coweta, a copy of which was by him served on the co-defendant residing in that county, was notice to him and properly brought him into court. Section 3345 of the Code provides that "no technical or formal objections shall invalidate any petition or process, but if the same substantially conforms to the requisitions of this Code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded, provided there is a legal cause of action set forth as required by this Code." With this provision, and other changes in the Code upon the matter of process, it would be a hard stretch of the earlier decisions of this court on this question to hold, under the evidence in this case, six years after judgment has been rendered, with notice of all the facts during that time, that the judgment could be set aside on this ground, the result probably being that the statute of limitations would bar all rights of the defendant in error.

The third ground taken in the motion was not urged, and it is unnecessary to consider it.

Judgment affirmed.