HILLYER, cashier, *v.* PEARSON, administratrix.

1. Where a sheriff is a party to a suit instituted in his county, the Civil Code, § 4993, is mandatory that the process shall be directed to the coroner of the county and to the sheriffs of the adjoining counties.　Where, therefore, in such a suit the process was directed to the sheriff and his deputies of the county wherein the suit was brought, the process was void, and service thereof made by one of the sheriff's deputies upon one of the parties defendant in the suit was likewise void.

2. The Civil Code, § 4986, which provides that whenever a sheriff is a party to a suit or when he is sick and has no deputy, service may be made by a constable or bailiff, does not mean that when the sheriff is a party defendant and has a deputy the latter may serve process upon the sheriff or his codefendants. The proper construction of the section is, that the constable or bailiff may either serve a process directed to the coroner and the sheriffs of the adjoining counties, or, when the sheriff is sick and has no deputy, may serve any process to which the sheriff is not a party.

3. Where the sheriff is a party defendant and his deputy serves one of his codefendants, and the latter dies before the trial without having appeared or pleaded or waived service, a scire facias issued against the administrator of such deceased defendant under the Civil Code, § 5017, and served by one of the sheriff's deputies, is void. There being no legal process against the deceased party, and he not having been served and not having waived process and service, he is not a party to the suit, and his administrator can not be made a party in his stead under the code section cited.

Argued October 7, —Decided October 30, 1903.

Motion to set aside judgment.      Before Judge Hodges.      City court of Macon.      April 4, 1903.

Suit on a joint and several promissory note was brought against Lucas, Westcott, and Ayres, returnable to the June term of the city court of Macon.      Westcott was sheriff of the county and of the court.      The clerk of the court attached a process to the petition, directed to the sheriff of the county and his deputies.      This petition and process was served upon Ayres by one of the sheriff's deputies.      Ayres did not appear or plead.      He died in July of the same year.      Westcott acknowledged service of the petition. On September 9, 1897, the death of Ayres was suggested, and judgment was entered against Lucas and Westcott, they having filed no defense.      Mrs. Ayres (now Mrs. Pearson) was appointed administratrix on the estate of her deceased husband.      On September 10, 1898, after the expiration of the twelve months in which the administratrix was exempt from suit, what was called a scire facias was issued against her, making her a party to the suit and requiring her " to appear and answer instanter to said suit."      This order was served upon her by a deputy of the sheriff. She failed to appear or plead, and on September 24, 1898, judgment was rendered against her.      On January 19, 1899, she filed a motion to set aside the judgment, the grounds of her motion being, in substance, that the process was void, because directed to the sheriff and his deputies when the sheriff was himself a party defendant ; that the service was also void, because, the sheriff being

disqualified on account of being a party, his deputy had no right or authority to make the service; that the order issued by the judge making the administratrix a party and calling upon her to appear instanter and defend was void, because the judge had no authority to make her a party without issuing a regular scire facias calling upon her to show cause why she should not be made a party ; and that the service of the judge's order was void for the same reasons that the service of the original petition was void. Upon hearing this motion, the court passed an order vacating and setting aside the judgment against the administratrix. The plaintiff excepted.

*Hardeman, Davis, Turner & Jones*, for plaintiff in error.
*Dessau, Harris & Harris*, contra.

SIMMONS, C. J. (after stating the facts as above.)  1. From the facts above recited we think there can be no doubt that the trial judge was right in setting aside the judgment.     It is an elementary principle of law that no legal judgment can be rendered against a person unless he is a party to the action.     The filing of a petition in which a person is named as a defendant does not make him a party to the action until he is properly served or in some manner waives service.     In order for an officer to make legal service he must have authority to do so.     This authority in ordinary actions is the process of the court, issued by the clerk and bearing teste in the name of the judge.     The direction of this process is prescribed by law.     In most cases process is directed to the sheriff of the county, who is the executive officer of the court, and his lawful deputies.     The code has, however, wisely provided that where the sheriff is a party to the action, as plaintiff or as defendant, the process shall be directed to the coroner of the county and the sheriffs of the adjoining counties.  The reason for this is pointed out by Bleckley, J., in *State* v. *Jeter*, 60 *Ga.* 489, where among other good reasons given is that it is a wise public policy not to allow the sheriff to be both priest and penitent.     But, regardless of the reasons which may be given, it is sufficient for us to say that the law is thus written.     The code, enacted by the lawmaking power, declares, in substance, that when the sheriff is a party to the action, the process *shall* be directed to the coroner of the county and the sheriffs of the adjoining counties.     In the present

case the sheriff was a party defendant named in the petition. The clerk, instead of following the code (§ 4993), adopted the usual form and directed the process as though the sheriff had not been a party.   This he had no right to do, and the process issued by him amounted to no process at all.   This being true, the deputy sheriff, even outside of any relation to the principal sheriff, had no authority to serve Ayres.   He had what amounted to no more than a blank process.  It was a nullity and was insufficient to authorize any officer to serve any one.   The deputy was no more authorized to make service than if there had been no process at all.

2.   It was claimed by counsel for the plaintiff in error that the deputy sheriff had authority to serve Ayres under the Civil Code § 4986.   That section provides :   " Whenever a sheriff is a party, or named as a defendant in any action, or when he is sick and unable to act, and has no deputy, service of any mesne process, or order, or extraordinary writ, prior to final judgment, may be made by any constable, or bailiff, of any court."    We do not agree with counsel as to the interpretation of this section.    We think the act from which it was codified was merely cumulative in providing that the constable or bailiff might make service instead of the coroner of the county or the sheriff of an adjoining county.    It does not authorize the sheriff's deputy to serve the sheriff in a case in which he is a party defendant.  The evil which the act was to remedy was the difficulty of having service made by the coroner or by a sheriff of an adjoining county.   The act provided that, instead, the process might be placed in the hands of a constable or bailiff in the county in which the suit was brought.   The act was not intended to confer any additional authority upon the sheriff's deputy.   It was designed to give certain authority to constables and bailiffs, but not to enlarge the powers of the sheriff's deputy.   It merely recognized the existing authority of the deputy to make service in cases in which the sheriff was not disqualified.    The expression " and has no deputy " does not apply to cases in which the sheriff is a party.   It simply means that where he is qualified to make service but is sick and has no deputy, the service may be made by the constable or bailiff. This is of course where the process is good.  Where the process is void, we apprehend that neither the coroner nor the sheriff of an adjoining county nor a constable or bailiff would have any

authority to make service.　No officer has authority to make service of a void process, and if he does so it amounts to no more than if the service had been made by a private individual.

3. If Ayres was never made a party to the suit by service and did not waive service or process, did the court have power under the Civil Code, § 5017, to make his administratrix a party defendant in his stead ?　That section declares that " in case the defendant shall die pending a suit, the plaintiff may sue out a scire facias immediately after the expiration of twelve months from the probate of the will or granting of letters of administration, requiring such executor or administrator to appear and answer to the said cause."　It was argued by the learned counsel for the defendant in error that this section contemplated a regular scire facias calling upon the personal representative to show cause why he should not be made a party.　We have traced this provision through all the codes of this State, from that of 1863 to the present, and the same phraseology is maintained throughout.　The codifiers of the Code of 1863 followed practically the language of the judiciary act of 1799.　It seems that the words " scire facias " embodied in that act were not used in their technical sense.　It may have been that the legislative mind, at the time of the adoption of the act of 1799, thought that if the defendant was already a party, there was no use in going through the form of calling upon his personal representative to show cause why he should not be made a party in lieu of the deceased defendant.　Be this as it may, it was certainly never contemplated that, in a case where the intestate had never been made or become a party, the administrator could be made a party by an order passed without notice and peremptorily requiring him to appear and defend the cause.　We have shown that, although the petition named Ayres as a party defendant, he had never been served and had never waived service or process, and was, therefore, not a party.　If he was not a party, his administratrix could not be made a party on mere motion by an order which gave her no opportunity to show cause why she should not be made a party.　Even if Ayres had been a party, it further appears that the so-called scire facias was served upon Mrs. Ayres by a deputy of the sheriff, the latter being, as we have seen, a party defendant to the action.　Under the principles announced above, such service was void.　Mrs. Ayres could therefore disregard it, and the

judgment against her was void. It was argued that the service by the deputy was a mere irregularity and was cured by the judgment. This argument assumes that Ayres, the intestate had been a party, when, as we have seen, this was not the case. He was never a party to the action, and the order against his administratrix was void. The defect can not be regarded as a mere irregularity. Where a court has obtained jurisdiction of the parties, an irregularity in the proceedings may be cured by verdict or judgment; but when it is shown that the court had no jurisdiction of the party and yet rendered judgment against him, the judgment is void. *Judgment affirmed. All the Justices concur.*