## 1793   STRAUSS BROTHERS *v.* OWENS.

1. Where a second original is issued for the purpose of serving a defendant residing in a county other than that in which the suit is pending, the process therein should be directed to the sheriff of the county in which the defendant so to be served resides.

2. A sheriff of one county can not legally serve a process directed to the sheriff of another county. If he attempts to do so, and a judgment by default is entered against one so served, the judgment is void; and in an attack upon it by illegality, on the ground of no service, there is no necessity for a traverse to the return of the officer.

Illegality, from city court of Nashville—Judge Peeples. March 17, 1908.

Submitted May 20,—Decided July 6, 1909.

*W. R. Smith,* for plaintiffs.   *W. E. Thomas,* for defendant.

POWELL, J.   Strauss Brothers brought suit against J. A. Owens & Sons, a firm alleged in the petition to be composed of J. A. Owens, G. B. Owens, J. F. Owens, and others named. The suit was filed in Berrien county, and it appears from the petition that G. B. Owens resided in that county; but the residence of the other defendants is not stated. The clerk issued a second original and directed the process to the sheriff of Berrien county and his lawful deputies. Upon the second original process was an entry by the sheriff of Lowndes county, reciting that he had served the defendant J. F. Owens "with a copy of the within petition and process by leaving the same at his most notorious place of abode." In this action a judgment was rendered reciting that no defense had been filed, and that there had been personal service upon the defendants. The judgment is against all the defendants, includ-

ing J. F. Owens. Execution was issued and levied upon certain property belonging to J. F. Owens, and he filed an affidavit of illegality thereto, on the ground that he had never had his day in court, was never served with any process, did not waive service, and did not appear or defend in the suit. The plaintiffs moved to strike the illegality, on the ground that the record showed a return of service by the sheriff, and that the return was not traversed. The court overruled this motion. J. F. Owens testified, that he had never been served with a copy of the suit, that at the time the suit was filed and during its pendency he was in New Mexico, and that he had never employed an attorney at law in the matter. nor authorized any one to represent him. In the record was a plea filed on behalf of J. F. Owens and another defendant by J. C. Jackson, an attorney at law. This plea, however, was stricken by the court pending the original action. Mr. Jackson, at the trial of the illegality, testified, that he had not been employed by J. F. Owens, had never seen him or been asked by him to represent him at all; that G. B. Owens had asked him to file a plea, and, thinking that G. B. Owens was authorized to employ counsel for all of the defendants, he had filed the plea in the names of all. It was not disputed that J. F. Owens had not appeared or filed a plea, and that the appearance for him by the attorney just mentioned was unauthorized. Upon these facts appearing, the jury, under the 'direction of the judge, returned a verdict sustaining the illegality; and Strauss Brothers except.

"What direction a second original process shall have is not expressly laid down. The sense and the reason of the thing is that it should be to the sheriff or the deputy of the county in which the defendant to be served by means of the second original resides." *Powell* v. *Perry,* 63 *Ga.* 419. See also *Hill* v. *Hatcher,* 53 *Ga.* 293. "In order for an officer to make legal service he must have authority to do so. This authority in ordinary actions is the process of the court, issued by the clerk and bearing teste in the name of the judge." *Hillyer* v. *Pearson,* 118 *Ga.* 817 (45 S. E. 701). "No officer has authority to make service of a void process, and if he does so it amounts to no more than if the service had been made by a private individual." Id. 819. "The defect can not be regarded as a mere irregularity. Where a court has obtained jurisdiction of the parties, an irregularity in the proceedings may be

cured by verdict or judgment; but when it is shown that the court had no jurisdiction of the party and yet rendered judgment against him, the judgment is void." Id. 820. "Process directed to the sheriff of Lee county is not authority to the sheriff of Bibb to serve a defendant in Bibb when a second original is made out for the latter county." *Callaway* v. *Harrold,* 61 *Ga.* 112. "The idea of this court is that service by the sheriff of Bibb without process directed to him is no service." *Id.* 113.

*Judgment affirmed.*