### 6421.   CALDWELL, for use, etc., v. ALEXANDER SEED CO.

WADE, J.   "Where a second original is issued for the purpose of serving a
defendant residing in a county other than that in which the suit is
pending, the process therein should be directed to the sheriff of the
county in which the defendant so to be served resided. . . A sher-
iff of one county can not legally serve a process directed to the sheriff
of another county. If he attempts to do so, and a judgment by default
is entered against one so served, the judgment is void; and in an
attack upon it by illegality, on the ground of no service, there is no
necessity for a traverse to the return of the officer." *Strauss* v. *Owens,*
6 *Ga. App.* 415 (65 S. E. 161). See also *Powell* v. *Perry,* 63 *Ga.* 417;
*Hill* v. *Hatcher,* 53 *Ga.* 291; *Callaway* v. *Harrold,* 61 *Ga.* 112; *Hillyer*
v. *Pearson,* 118 *Ga.* 817 (45 S. E. 701).

(*a*) In an action pending in the city court of Greenville, Meriwether
county, Georgia, against Alexander Seed Company, a corporation of
Richmond county, Georgia, as principal or maker, and H. M. Caldwell
et al., of Meriwether county, as indorsers, a second original issued for
the purpose of serving the Alexander Seed Company, in the county of
its residence, but the process annexed thereto was directed "to the sher-
iff of the city court of Greenville and his lawful deputies of said
[Meriwether] county," and not the sheriff of the county in which the
Alexander Seed Company resided. Since the default judgment rendered
against the Alexander Seed Company, based on service by a deputy
sheriff of the county of Richmond of process directed to the sheriff of
the city court of Greenville, Meriwether county; in an action pending
in that county, was void, the court did not err in refusing to allow
the original process to be amended. A void judgment could not be
vitalized and made effective by amending the antecedent process by
virtue of which it was obtained; there was nothing to amend.

(*b*) The affidavit of illegality set up a sufficient legal defense, and the
court did not err in refusing to dismiss it, and in thereafter rendering
judgment sustaining it and dismissing the levy.   *Judgment affirmed.*

DECIDED FEBRUARY 3, 1916.

Affidavit of illegality; from city court of Greenville.   February
5, 1915.

*N. F. Culpepper, S. P. Cain,* for plaintiff.

*Oswell R. Eve, McLaughlin & Jones,* for defendant.