### 12944.   SOUTHERN RAILWAY CO. *v.* GRIFFLER.

"A sheriff of one county cannot legally serve a process directed to the sheriff of another county."

"Where a second original is issued for the purpose of serving a defendant residing in a county other than that in which the suit is. pending, the process therein should be directed to the sheriff of the county in which the defendant so to be served resides." *Strauss* v. *Owens*, 6 *Ga. App.* 415 (65 S. E. 161).

DECIDED JUNE 14, 1922.

Action for damages; from DeKalb superior court — Judge Hutcheson. September 9, 1921.

Griffler brought suit against the Southern Railway Company in

DeKalb superior court. The petition alleged that the said railway company had " an office and agent and a place of business in DeKalb county, Georgia."` Process was issued and a copy of the petition and process was served upon a certain person as " the agent in charge of the office at Chamlee, Georgia, DeKalb county." A traverse to this return of service was sustained. The plaintiff then procured an order which provided that " a second original be issued and forwarded to the sheriff of Fulton county, Georgia, to be served on the Southern Railway Company as provided by law, commanding said defendant to be and appear at the *December term, 1919,* of DeKalb superior court, then and there to answer the complaint of Philip Griffler." (Italics ours.) Thereafter a second original was issued with process headed " State of Georgia, County of DeKalb," and directed to " the sheriff or his deputy of said county." This process, although issued and served in October, 1919, required the defendant " to be and appear at the superior court to be held in and for said county on the.*first Monday in June, 1919,* then and there to answer the plaintiff's complaint." (Italics ours.) A deputy sheriff of Fulton county served the defendant with this " writ and process." A written motion was made by the defendant " that the said suit be dismissed upon the ground that no service in the suit has been perfected upon the defendant." This motion was overruled, and the defendant excepted.

*Edgar A. Neely, McDaniel & Black,* for plaintiff in error.

*Hill & Adams,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) In *Caldwell* v. *Alexander Seed Co.,* 17 *Ga. App.* 571 (87 S. E. 843), this court, citing the cases of *Powell* v. *Perry,* 63 *Ga.* 417, *Hill* v. *Hatcher,* 53 *Ga.* 291, *Callaway* v. *Harrold,* 61 *Ga.* 112; *Hillyer* v. *Pearson,* 118 *Ga.* 817 (45 S. E. 701), quoted and approved as the law the syllabus in the case of *Strauss* v. *Owens,* 6 *Ga. App.* 415 (65 S. E. 161) : " Where a second original is issued for the purpose of serving a defendant residing in a county other than that in which the suit is pending, the process therein should be directed to the sheriff of the county in which the defendant so to be served resided. . . A sheriff of one county cannot legally serve a process directed to the sheriff of another county. If he attempts to do so, and a judgment by default is entered against

one so served, the judgment is void; and in an attack upon it by illegality, on the ground of no service, there is no necessity for a traverse to the return of the officer." Granting, but not deciding, that all the proceedings in the.case under consideration up to the issuance of the second original were regular and legal, the court, under the ruling just quoted, erred in overruling the motion of the defendant to dismiss the suit, as the only service on the defendant was by a deputy sheriff of Fulton county under a second original issued in DeKalb county (where the case was pending), the process to which was headed "State of Georgia, County of DeKalb," and was directed to "the sheriff or his deputy of said county."

*Judgment reversed. Broyles, C. J., concurs. Luke, J., disqualified.*