**25214, 25252. GEORGIA POWER CO. v. OZBURN; and *vice versa*.**

STEPHENS, J. 1. On failure to obtain perfection of service by reason of invalidity of the process, where the plaintiff is not negligent but proceeds with due diligence to perfect service, the court may pass an order for the issuance of a new process returnable to a subsequent term of court. *Cox* v. *Strickland*, 120 *Ga.* 104 (8) (47 S. E. 912); *Sims* v. *Sims*, 135 *Ga.* 439 (69 S. E. 545); *Averett* v. *Forman*, 29 *Ga. App.* 74 (113 S. E. 701); *Georgia Power Co.* v. *Fincher*, 46 *Ga. App.* 524 (168 S. E. 109); *Minsk* v. *Cook*, 48 *Ga. App.* 567 (3) (173 S. E. 446). Where, on a trial of an issue formed by a special plea in abatement on the ground that the process directed to the sheriff of another county for service on the defendant who was a non-resident of the county in which the suit was filed was invalid, the court adjudicated that no legal or valid process had been issued, and that no legal or valid service had been perfected on the defendant, but where the court did not dismiss the petition, and two days thereafter, during the same term, the court on motion of the plaintiff directed the issuance of a second original of the petition with a new process attached, directing the defendant to appear at the next term of court to answer the plaintiff's petition, and where a second original and process were issued pursuant to that order, but the process was directed only to the sheriff or his deputy of the county in which the suit was pending, and was not directed to any officer authorized to serve process in the county of the defendant's residence, the order of the court was a legal order authorizing the issuance of a second original and process for service upon the defendant in the county of the defendant's residence. The process, not being directed to any officer authorized to serve process in the county of the defendant's residence, was in this respect defective, but the defect was amendable. *Callaway* v. *Harrold*, 61 *Ga.* 111; *Telford* v. *Coggins*, 76 *Ga.* 683; *Winn* v. *Butts*, 127 *Ga.* 385 (2) (56 S. E. 406); *Beasley* v. *Smith*, 144 *Ga.* 377 (3), 380 (87 S. E. 293); *Kelly* v. *Fudge*, 2 *Ga. App.* 759 (59 S. E. 19); *Hogan* v. *Hogan*, 148 *Ga.* 151 (95 S. E. 272); Code, §§ 24-104, 81-220; *Strauss* v. *Owens*, 6 *Ga. App.* 415 (65 S. E. 161); *Caldwell* v. *Alexander Seed Co.*, 17 *Ga. App.* 571 (87 S. E. 843).

2. The court did not err in finding against the defendant's special appearance or plea in abatement, which attacked the issuance of the second process on the ground that the original process was void and therefore was not amendable. The judgment is affirmed; but it is directed that the judge of the superior court issue an order amending the process by directing it to the sheriff of Fulton County or his lawful deputies, directing the defendant to be and appear at the next term of the superior court of Jasper County to which the process may be lawfully returnable, and that service of a second original and the amended process be made by the sheriff or his lawful deputies of Fulton County upon the defendant in that county.

3. It is immaterial whether the court erred, as against the plaintiff, in adjudicating that the first process and the service perfected thereunder were illegal and void, which order was assigned as error in the cross-bill of exceptions.

*Judgment affirmed, with direction, on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JULY 30, 1936.

*W. H. Key, Colquitt, MacDougald, Troutman & Arkwright,* for plaintiff in error.

*C. L. Redman, A. S. Thurman,* contra.