30127. W. T. RAWLEIGH COMPANY *v.* GREENWAY.

DECIDED JUNE 26, 1943.

*W. T. Revell,* for plaintiff. *M. C. Barwick,* for defendant.

SUTTON, J. The W. T. Rawleigh Company filed a suit in the city court of Louisville, Jefferson County, against E. L. McDaniel and two other defendants as residents of Jefferson County, and J. C. Greenway and another defendant as residents of Johnson County. The clerk issued a second original with process thereon directed to the sheriff and his lawful deputies of the city court of Louisville for service on J. C. Greenway, and a copy of the second original and process so directed was served by the sheriff of Johnson County on Greenway. An attorney who represented the other defendants in Jefferson County filed an answer and signed it, "attorney for the defendants." Judgment was entered against all the defendants, including Greenway. An execution was issued and levied on Greenway's property. He filed an affidavit of illegality thereto, alleging that the process served on him was void, because directed to the sheriff and his lawful deputies of Jefferson County and the city court of Louisville, and not to the sheriff and his deputies of Johnson County; that service of said process on him by the sheriff of Johnson County was not legal service; that as to him the city

court of Louisville was without jurisdiction and the judgment rendered against him was void. He alleged further that he had never appeared in said case nor pleaded therein, and had never waived legal service; that he never employed an attorney at law to file a plea for him, nor authorized any other person to do so for him, and had never had his day in court. A demurrer to the affidavit of illegality on the ground that it was "legally insufficient," was overruled. The defendant admitted a prima facie case in favor of the plaintiff and was allowed, over objection of the plaintiff, to open and conclude the argument to the jury. A verdict was returned for the defendant. The plaintiff's motion for new trial was overruled, and he excepts to the judgment overruling the motion for new trial, and also to the judgment overruling the demurrer to the affidavit of illegality, and to allowing counsel for the defendant to open and conclude the argument to the jury.

It is contended by the plaintiff in error that while the service on Greenway was irregular, it was amendable, and was cured by the verdict and judgment. It appears that the process attached to the second original was directed to the sheriff of the city court of Louisville, Jefferson County, and served on the defendant Greenway by the sheriff of Johnson County, by leaving a copy at his most notorious place of abode in Johnson County. It has been held that "where a second original is issued for the purpose of serving a defendant in a county other than that in which the suit is pending, the process therein should be directed to the sheriff of the county in which the defendant so to be served resides." *Strauss* v. *Owens, 6 Ga. App.* 415 (1) (65 S. E. 161). This was not done in the present case. Instead, the clerk annexed process directed to the sheriff of his own court, requiring the appearance of Greenway at the next term of that court, which was executed by the sheriff of Johnson County. The sheriff of Johnson County was without authority to execute the process, and his attempt to do so was ineffectual. "A sheriff of one county can not legally serve a process directed to the sheriff of another county." *Caldwell* v. *Alexander Seed Co.,* 17 *Ga. App.* 571 (87 S. E. 843). "'In order for an officer to make legal service he must have authority to do so. This authority in ordinary actions is the process of the court, issued by the clerk and bearing teste in the name of the judge.' *Hillyer* v. *Pearson,* 118 *Ga.* 817 (45 S. E. 701). No officer has authority

to make service of a void process, and if he does so it amounts to no more than if the service had been made by a private individual.' Id. 819. 'The defect can not be regarded as a mere irregularity. Where a court has obtained jurisdiction of the parties, an irregularity in the proceedings may be cured by verdict or judgment; but when it is shown that the court had no jurisdiction of the party and yet rendered judgment against him, the judgment is void.' Id. 820." *Strauss* v. *Owens,* supra. Greenway was not bound by the process so served on him, and was justified in ignoring it. Void service is no service. *Callaway* v. *Harrold,* 61 *Ga.* 111. The judgment as to Greenway was void, as the city court of Louisville was without authority to render the same against him, under the facts as to the service, and a verdict sustaining the affidavit of illegality in the present case was demanded in his favor.

■ Under the allegations contained in the affidavit of illegality, the demurrer thereto on the ground of insufficiency is without merit and the court did not err in overruling the same.

■ As a verdict was demanded in favor of the defendant, it is not necessary to pass on the assignment of error on the ruling of the court with respect to the right, to open and conclude the argument.

The cases cited and relied on by the plaintiff in error have been carefully considered by the court, but they are distinguishable under their facts from the present case, in that in those cases the irregular or defective service was amendable, or waived by the defendants therein before judgment, whereas, in the case at bar the service as to Greenway was void, and consequently the judgment against him was void, he not having appeared in court, nor in any way waived service, nor submitted himself to the jurisdiction of the court.

No error of law appears. The evidence demanded the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*