340 P.2d 1080

Bella MENDOZA, Plaintiff-Appellee,

v.

ACME TRANSFER & STORAGE CO., a copartnership, Garnishee-Appellant.

No. 6538.

Supreme Court of New Mexico.

June 11, 1959.

The transfer company defaulted and judgment was entered against it for $230 and costs. Thereafter it moved to stay execution and vacate the judgment on the sole ground that the writ had not been served by the sheriff or one of his deputies, and that it was in fact served by an individual. The motion was denied, and the case is here for a determination of the question of whether service of a writ of garnishment by an individual is valid.

The writ followed the form prescribed by § 26–2–13, N.M.S.A. 1953, and directed the sheriff of Bernalillo County to summon the garnishee to answer how much, if anything, it was indebted to the defendant, etc.

The section of the garnishment statutes relating to service of a writ is § 26–2–14, N.M.S.A.1953 (§ 13, c. 63, L.1909), which reads:

Key & Cohen, Albuquerque, for appellant.

Adams & Foley, Albuquerque, for appellee.

McGHEE, Justice.

Bella Mendoza was awarded child support money, alimony and attorney's fees in a divorce action against Salomon Mendoza, and in order to collect sued out a writ of garnishment against the transfer company and had it served by a private individual instead of the sheriff.

"The said writ of garnishment shall be served by delivering a copy thereof together with a copy of the interrogatories as may be exhibited by the plaintiff, if any, to the garnishee, and the officer serving the same shall make return thereof as in case of ordinary summons. In case the sheriff is a garnishee the clerk issuing the writ shall appoint some person over the age of twenty-one (21) years to serve the same, to whom the same shall be addressed, and such appointment shall be

endorsed on the writ with the reasons therefor, signed by the clerk."

This court in Upjohn Co. v. Board of County Commissioners, 1919, 25 N.M. 526, 185 P. 279, held that the above quoted section required service of the writ to be made by the sheriff, and that service in that case by an individual was void and the court was without jurisdiction to render judgment against the garnishee.

The plaintiff would save the service in this case by the provisions of Rule 4(m) of the Rules of Civil Procedure, originally enacted, except as to the age of the process server, as § 1, c. 38, L.1919, which permits service by any person, not a party to the action, of:

"Any process issued out of the district court in civil cases, excepting writs of attachment, writs of replevin, writs of execution and writs of habeas corpus, * * *."

This rule, the plaintiff says, is all inclusive except for the exceptions therein named. The garnishee counters this claim by calling attention to the fact that Rule 1 of the Rules of Civil Procedure provides that the rules do not govern special statutory proceedings where the rules and applicable statutes are inconsistent. This is pointed out in a number of cases, one of which is Trujillo v. Trujillo, 1948, 52 N.M. 258, 197 P.2d 421, 429, where it is stated:

"It is thus seen that under express language of the foregoing Rule 1, 1941 Comp. sec. 19–101, declaring the scope of Rules of Civil Procedure for District Courts, that special statutory proceedings, where inconsistent, are not governed thereby. This has been the uniform holding of the Supreme Court from the beginning to date."

The parties agree that repeals by implication are not favored but, says the plaintiff, the rule is set out in 82 C.J.S. Statutes § 252, p. 420, that when the statutes are so plainly repugnant that they cannot stand together, the old statute is regarded as amended by the new, and that such is the case here.

We became curious as to the relation or similarity of a writ of attachment to one of garnishment and made a study of the authorities on the subject. We find it stated in 4 Am.Jur. 553, § 4, "Attachment and Garnishment":

"* * * Garnishment has been very properly defined as an attachment by means of which money or property of a debtor in the hands of third parties, which cannot be levied upon, may be subjected to the payment of the creditor's claim. However, it is attachment of property in the possession of a third person, and not of property in the possession of the debtor."

Garnishment is distinguished from attachment in 7 C.J.S. Attachment § 1, p. 186, as follows:

"Generally speaking, garnishment is but a form of attachment looking to the impounding of debts due a defendant in a civil action for the recovery of money, pending the rendering of final judgment therein, in effect the same as physical property capable of delivery is seized to that end by ordinary attachment. A garnishment, however, differs from an attachment in that in garnishment usually there is no actual seizure of the property and no specific lien is acquired thereon. The result is that, while seizure of property under attachment may cause its entire loss or considerable injury, garnishment merely impounds the property in the garnishee's possession and maintains its status quo until determination of the main action. Furthermore, garnishment proceedings are usually directed to personal property. Garnishment proceedings have been held to be included within the term 'attachment' as used in statutes generally, but are not within the meaning of a statute which has reference to real estate only."

Among cases we examined, it is stated in Berry-Beall Dry Goods Co. v. Adams, 1922, 87 Okl. 291, 211 P. 79, 81:

"Garnishment is an attachment of goods, chattels, credits and effects that are already in the hands of some third person, but belonging to or owing to the defendant or judgment debtor, as the case may be."

And in Dean v. Opdycke, 1929, 151 Wash. 504, 276 P. 545, 546:

"Generally speaking, garnishment is but a form of attachment looking to the impounding of debts due a defendant in a civil action for the recovery of money, pending the rendering of final judgment therein, in effect the same as physical property capable of delivery is seized to that end by ordinary attachment. 2 Bouvier's Law Dictionary 1334; Black's Law Dictionary 535."

In the introduction to an annotation on the subject of attachment or garnishment by a creditor of an individual partner, in 71 A.L.R. 78, the annotator states:

"It should be observed that garnishment of the defendant's credits is really a form of attachment, so that for the purposes of this annotation no distinction will be made between the two terms and they may be used interchangeably in treating the cases here involved as the courts themselves have done."

There is another consideration which influences us in reaching a decision in this

case, and that is the form of the writ prescribed by statute. It runs to the sheriff of the county and directs him to summon the defendant, and that is the form of the writ used in this case. It is inconsistent that the writ must direct the sheriff to summon the garnishee, and then hold such may be done by a private individual with the sheriff never having seen the writ and perhaps even being without knowledge of its issuance.

The form of the writ, the fact that a garnishment is in effect an attachment, and the rule that repeals by implication are not favored, lead us to the conclusion that the holding of the Upjohn case is still the law of New Mexico, and that the court did not acquire jurisdiction of the garnishee by the service of the writ by an individual.

The garnishee has asked that it be allowed attorney's fees by this Court under the provisions of § 26–2–31, N.M.S.A. 1953, which provides the costs of the proceeding, including a reasonable attorney's fee for the garnishee, shall be taxed as in ordinary suits against the plaintiff or defendant, or both.

Our attention has not been called to any case under this section, but it is our understanding that attorney's fees are allowed a garnishee to reimburse him for the cost of filing an answer and appearing in the trial court if his answer be controverted. As no answer was there filed we will not allow attorney's fees.

The judgment will be reversed and the cause remanded to the district court with instructions to vacate the judgment against the garnishee in accordance with the views herein expressed, and it will be allowed the costs of its appeal to be taxed by the clerk.

It is so ordered.

LUJAN, C. J., and COMPTON, CARMODY and MOISE, JJ., concur.