68013. TOWNSEND v. WILLIAMS.

SOGNIER, Judge.

Randall Townsend sued D. F. Williams to recover for personal injuries received in a physical altercation on December 24, 1979. Townsend filed his complaint on December 23, 1981. The return of service dated December 29, 1981, was signed, "Charles Hendricks, Chief of Police, Adairsville, Ga." Williams filed his answer on January 26, 1982, raising the defense of insufficient service of process and the barring of the claim by the applicable statute of limitation. On January 13, 1983, Williams filed a motion for summary judgment based, inter alia, on improper service, and on January 19, 1983, he was re-served by a deputy sheriff of Bartow County. Williams filed a renewed answer, raising again as a defense the statute of limitation. The case came on for a hearing and the trial court granted Williams' motion, ruling that proper service not having been made until January 19, 1983 despite Williams' timely defensive plea of improper service, Townsend's claim was barred by the statute of limitation, OCGA § 9-3-33. Townsend appeals.

Appellant contends that the trial court erred by granting appellee's motion for summary judgment on the basis of improper service. We do not agree.

OCGA § 9-11-4 (c) provides: "Process shall be served by the sheriff of the county where the action is brought or where the defendant is found, or by his deputy, or by the marshal or sheriff of the court, or by his deputy, or by any citizen of the United States specially appointed by the court for that purpose." Undisputed evidence establishes that Charles Hendricks was not a deputy sheriff of Bartow County, where the action was brought, at the time he served appellee with the summons. Further, there is no evidence in the record to show that Hendricks was a marshal, sheriff, or deputy of the court, or that he was a citizen "specially appointed by the court" for the purpose of serving process. Thus, Hendricks was without authority to serve process and his attempt to do so was without effect. See generally *Holloway v. Frey*, 130 Ga. App. 224, 225 (202 SE2d 845) (1973); *W. T. Rawleigh Co. v. Greenway*, 69 Ga. App. 590, 591 (1) (26 SE2d 458) (1943); *Strauss Bros. v. Owens*, 6 Ga. App. 415 (65 SE 161) (1909).

Evidence in the instant case shows a delay of two years in perfecting service, during which time the statute of limitation ran. No showing of diligence in attempting to have service perfected has been made. "The trial court was authorized to exercise its discretion in determining whether under the facts presented to it the delayed service constituted laches so as to warrant dismissal where the statute of limitation had run before the service was belatedly perfected. *Hilton v. Maddox, Bishop, Hayton &c., Inc.*, 125 Ga. App. 423 [426-427] (188 SE2d 167); *Delcher Bros. &c. Co. v. Ward*, 134 Ga. App. 686 (215 SE2d 516)." *Early v. Orr*, 135 Ga. App. 887, 888 (219 SE2d 622) (1975). There was no abuse of discretion and the trial court did not err in dismissing the suit on the ground that the action was barred. Id.; *Webb v. Murphy*, 142 Ga. App. 649 (236 SE2d 840) (1977).

"That [appellee] may have received a copy of the complaint and summons in connection with an attempted but invalid service does not suffice to afford the required notice of the action or dispense with a valid service. [Cit.]" *Radcliffe v. Boyd Motor Lines*, 129 Ga. App. 725, 731 (5) (201 SE2d 4) (1973). See also *Bible v. Hughes*, 146 Ga. App. 769, 771 (247 SE2d 584) (1978).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED APRIL 30, 1984.

*J. Britten Miller, Jr.*, for appellant.
*James P. Orr, J. Clinton Sumner, Jr.*, for appellee.