Warren L. GOOKIN and Marjorie E. Gookin, for themselves and All Other Similarly Situated State Farm Fire and Casualty Policyholders, Appellants (Plaintiffs),

v.

STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Appellee (Defendant).

No. 91–130.

Supreme Court of Wyoming.

Feb. 3, 1992.

Jack Gage and Robert T. Moxley of Gage and Moxley, Cheyenne, for appellants.

George E. Powers, Jr. of Godfrey & Sundahl, Cheyenne, for appellee.

Before THOMAS, CARDINE, and MACY, JJ., BROWN, Ret. J., and LANGDON, District Judge.

LANGDON, District Judge.

This action came before the court to determine if appellants pleaded a cause of action for consumer fraud and undisclosed substitution of inferior product sufficiently to withstand a motion to dismiss; however, the bulwark issue is whether the appellants' substituted service of process under Wyo.Stat. § 26-3-122 (1983) was sufficient to provide jurisdiction for this action. We shall reverse, holding that the district court lacked jurisdiction due to ineffective service of process and failure to comply with due process.

## I. FACTS

On August 1, 1985, an intense hail and rain storm struck the City of Cheyenne, Wyoming. The storm, four tornadoes it spawned and the effects of the unusually large accumulations of water and hail produced heavy damage to many residences. State Farm Fire and Casualty Insurance Company (State Farm), an Illinois corporation, provided insurance coverage to a number of homeowners who suffered damage

including Warren and Marjorie Gookin (Gookins).

Exactly four years later, on August 1, 1989, appellants filed a complaint in the First Judicial District Court instituting a class action proceeding under W.R.C.P. 23.[1] The Gookins were the named representatives of the class.[2] The complaint alleged State Farm acted in bad faith and failed to properly investigate claims resulting from the storm. At the same time, appellants' filed a jury demand and a motion to disqualify the district court judge. The complaint and a summons issued on August 1, 1989 were never served. Instead, appellants prepared an amended complaint which was filed and served on September 29, 1989.

The amended complaint contained three counts: bad faith failure to investigate claims; promissory estoppel; and consumer fraud and undisclosed substitution of an inferior product. The amended complaint and an alias summons issued on September 29, 1989 were delivered along with the jury demand and the disqualification motion from the August 1, 1989 filing. Also included was a motion to certify a class, interrogatories and document production requests. The package was delivered en masse on September 29, 1989 to the Wyoming State Insurance Commissioner as substituted service under Wyo.Stat. § 26–3–122.

State Farm moved to quash service on October 19, 1989 contending that appellants failed to effect proper service under the statute. State Farm argued the statute required an additional notice and a copy of process be sent by registered mail to the company within ten days of the substituted service. Additionally, State Farm said appellants must file an affidavit to show compliance with the notice provision.

The next day, appellants responded with a document styled as a "Notice of Service." This document asserted that service of process had been completed "by receipt of a return receipt by the Wyoming State Insurance Commissioner on October 12, 1989." Appellants filed additional documents on October 23, 1989, including an affidavit and a notice to State Farm that the affidavit required by Wyo.Stat. § 26–3–122(d)(iii) had been filed. This affidavit, by one of appellants' attorneys, stated the attorney was advised that the Wyoming State Insurance Commissioner mailed service of process to State Farm, and the Wyoming State Insurance Commissioner received a return receipt on October 12, 1989. On November 27, 1989, appellants filed a United States Postal Service Express Mail label addressed to State Farm in Bloomington, Illinois. Appellants' stated notice of service and "copies of pleadings" were mailed to State Farm on October 20, 1989 and received on October 23, 1989.

A hearing was held on the motion to quash service on December 19, 1989. The hearing was not recorded. After supplemental briefing, the motion to quash service was denied without elaboration in a decision letter by the district court.

After the motion to quash was denied, State Farm filed an answer to the action which again stated that service of process had been improper and no personal jurisdiction had been obtained. After resisting discovery attempts, State Farm moved to dismiss the promissory estoppel and consumer fraud and undisclosed substitution of inferior product counts. The district court granted the motion to dismiss the promissory estoppel count, which is not at issue in this appeal, and found that the fraud count had not been pleaded with particularity as required by W.R.C.P. 9(b). The district court granted the Gookins

---

1. In Wyoming, a civil action is commenced by filing a complaint with the court. W.R.C.P. 3(a). For purposes of the statute of limitation, the action is deemed commenced on the date of filing the complaint if service of process is made to the defendant within sixty days. W.R.C.P. 3(b). If service is not made within sixty days, the action is deemed commenced on the date when service is made. *Id.*

2. Although appellants' discovery produced a potential class of 3,500 similarly affected policyholders, the record does not disclose that a class has ever been certified or notice given. W.R.C.P. 23.

leave to amend the complaint to restate the fraud complaint.

Appellants filed a second amended complaint on September 12, 1990. The complaint contained two counts: bad faith failure to investigate and pay claims; and consumer fraud and undisclosed substitution of inferior product. State Farm responded by simultaneously filing an answer and a motion to dismiss the fraud count. The answer reaffirmed that service of process was insufficient and personal jurisdiction was lacking. A hearing, again not recorded, on the motion to dismiss was conducted on October 17, 1990. The fraud count was ordered dismissed again for failure to comply with W.R.C.P. 9(b). Appellants were allowed to file yet another amended complaint to attempt to restate the fraud allegation with particularity.

Appellants filed their third amended complaint on November 1, 1990. This complaint alleged two counts: bad faith failure to investigate and pay claims; and consumer fraud and undisclosed substitution of inferior product. State Farm's answer restated the challenge to jurisdiction and personal service it maintained throughout these proceedings. State Farm also moved to dismiss the fraud count challenging that it was barred by the statute of limitations applicable to the Wyoming Consumer Protection Act and failed to state the fraud claim with particularity. Appellants responded that their claim only incorporated fraud provisions of the Consumer Protection Act as a subset of a common law fraud claim. The district court heard arguments on the motion in another apparently unrecorded proceeding. The fraud claim was ordered dismissed, with prejudice, for failure to comply with W.R.C.P. 9(b). The district court also found that action under the Wyoming Consumer Protection Act was barred by both the nature of the insurance contract and the statute of limitations. The action comes before this court under a W.R.C.P. 54(b) entry of final judgment. Appellants filed a timely notice of appeal. The bad faith claim remains at issue in the district court.

## II. DISCUSSION

■ Our standard of review for jurisdictional issues, including sufficiency of process, should be familiar to every litigant. The Wyoming Supreme Court "has the inherent power, and the duty, to address jurisdictional defects on appeal even though they have not been called to our attention by a litigant." *Robbins v. South Cheyenne Water and Sewage Dist.*, 792 P.2d 1380, 1384 (Wyo.1990). "The first and fundamental question on every appeal is that of jurisdiction; this question cannot be waived; it is open for consideration by the reviewing court whenever it is raised by any party, or it may be raised by the court of its own motion." *Gardner v. Walker*, 373 P.2d 598, 599 (Wyo.1962). When a lower court acts without jurisdiction, this court will notice the defect and have jurisdiction on appeal, not on the merits, but merely for the purpose of correcting the error of the lower court in maintaining the suit. *United States v. Corrick*, 298 U.S. 435, 440, 56 S.Ct. 829, 832, 80 L.Ed. 1263, *reh'g denied* 298 U.S. 692, 56 S.Ct. 951, 80 L.Ed. 1410 (1936).

■ The proper service of process is necessary to acquire jurisdiction under the due process provisions of both the federal and Wyoming constitutions. Wyo. Const. art. 1, § 6; U.S. Const. amend. XIV, § 1. The federal constitution restrains state court actions against non-resident defendants.

The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. *See Shaffer v. Heitner*, 433 U.S. 186, 198–200, [97 S.Ct. 2569, 2577, 53 L.Ed.2d 683] (1977). It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. *Pennoyer v. Neff*, 95 U.S. [ (5 Otto) ] 714, 732–733, [24 L.Ed. 565] (1878); *International Shoe Co. v. Washington*, 326 U.S., at 316, [66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) ]. The existence

of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought, *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 313–314, [70 S.Ct. 652, 657, 94 L.Ed. 865] (1950), and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum. *Milliken v. Meyer*, 311 U.S. 457, 463–464, [61 S.Ct. 339, 343, 85 L.Ed. 278] (1940).

*Kulko v. Superior Court of California In and For City and County of San Francisco*, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132, *reh'g denied* 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978). While a court may have subject matter jurisdiction, it is clear that without adequate notice to the defendant and opportunity to be heard, jurisdiction does not exist for the proceeding. *Goss v. Goss*, 780 P.2d 306, 310 (Wyo. 1989); *see* 62B Am.Jur.2d, *Process* § 4 (1990). Courts allow infringement on the fundamental due process rights to notice and an opportunity to be heard only to the extent permitted by legislative or judicially promulgated rules of procedure. *Goss*, 780 P.2d at 310. The general rule requires strict compliance with statutes or rules setting forth the requirements for service of process. *Id.; Midway Oil Corp. v. Guess*, 714 P.2d 339, 342 (Wyo.1986).

The original complaint in this action was filed on August 1, 1989. This complaint was never served. The summons issued on August 1, 1989 by the Clerk of the First Judicial District Court was placed in the court files on September 29, 1989 without evidence of a return of service or affidavit of service. The blank form fails to show this summons was served in any manner authorized by law in Wyoming. *Vanover v. Vanover*, 77 Wyo. 55, 61, 307 P.2d 117, 119 (1957).

Appellants did attempt to serve process, in this case an alias summons and the amended complaint, on September 29, 1989. The documents were delivered to the Wyoming State Insurance Commissioner's office, as substituted service, under authority of Wyo.Stat. § 26–3–122.[3] The statute provides for substituted service of process to the Insurance Commissioner and requires that notice of such service, along with a copy of the process, be served upon the insurer by registered mail. The plaintiff or his attorney is then required to file an affidavit of compliance with the clerk of court. Personal jurisdiction over State Farm was not achieved by this action since the initial service was ineffective and sub-

---

**3.** As part of the Insurance Code Wyo.Stat. § 26–3–122 (1983) reads:

(a) Service of process against an insurer for whom the commissioner is attorney shall be made by delivering to and leaving with the commissioner, his deputy or a person in apparent charge of his office during the commissioner's absence, two (2) copies of the process together with a fee of two dollars and fifty cents ($2.50), taxable as costs in the action.

(b) In case the process is issued by a justice of the peace or other inferior court, it may be directed to and served in duplicate by an officer authorized to serve process in the city or county of the commissioner's office, at least fifteen (15) days before the return day thereof, and that service confers jurisdiction.

(c) Upon service the commissioner shall immediately mail by registered mail one (1) of the copies of the process to the person currently designated by the insurer to receive the process as provided in W.S. 26–3–121(d).

(d) Service of process is sufficient if:

(i) Notice of that service and a copy of the process are sent within ten (10) days from the date of service by registered mail by plaintiff or his attorney to the defendant insurer at its last known principal place of business in the United States;

(ii) The defendant receives or the post office with which the letter is registered issues a receipt, showing the name of the sender of the letter and the name and address of the person to whom the letter is addressed; and

(iii) The affidavit of the plaintiff or his attorney showing compliance with this section are filed with the clerk of the court in which the action is pending, on or before the date the defendant is required to appear, or within such further time as the court allows.

(e) The commissioner shall keep a record of the day of service upon him of all legal process.

(f) Process served upon the commissioner with a copy forwarded as in this section provided constitutes valid and binding personal service upon the insurer.

The 1983 Replacement governs this case; however, the 1991 codification is identical.

sequent actions by appellants failed to comply with statutory mandates.

■ According to the affidavit of service on the alias summons, filed with the court on October 2, 1989, a private investigator delivered the amended complaint to the office of the Wyoming State Insurance Commissioner at "1340 hours" on September 29, 1989. The investigator's affidavit of service is signed by her and sworn before a notary. However, the investigator was not specifically appointed by the clerk of court to serve process in this case as required by procedural rules.

■ W.R.C.P. 4 governs the service of process. That rule specifies: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the sheriff *or to a person specially appointed* to serve it." W.R.C.P. 4(a) (emphasis added). Process may be served "within the state, by the sheriff of the county where the service is made, or by his undersheriff or deputy, or, at the request of the party causing same to be issued, *by any other person over the age of 21 years, not a party to the action, appointed for such purpose by the clerk.*" W.R.C.P. 4(c)(1) (emphasis added). The alias summons form used in this action includes a specific place for the clerk of court to appoint, under authority of W.R.C.P. 4(c)(1), an individual to serve process. The appointment was never signed by the clerk or sealed as required. The investigator's firm name was typed into the unsigned block, but, without the clerk's signature and seal, no appointment existed that was evidenced by the record. For jurisdiction to exist, it is settled law that the record must reflect the necessary facts. *Galpin v. Page*, 18 Wall. 350, 85 U.S. 350, 371, 21 L.Ed. 959 (1873).

■ The failure to properly appoint a person to deliver process means the service is without effect. *Townsend v. Williams*, 170 Ga.App. 766, 318 S.E.2d 510, 511 (1984). *See also Denny v. Croft*, 195 Ga.App. 871, 395 S.E.2d 72, 73 (1990); *Mendoza v. ACME Transfer & Storage Co.*, 66 N.M. 32, 340 P.2d 1080, 1083 (1959). In *Townsend*, the chief of police served process in a civil action. The court held that under Georgia's version of Rule 4, the service was ineffective since the chief of police was not a sheriff or a person appointed to serve process. *Townsend*, 318 S.E.2d at 511. The failure to properly appoint a process server was one factor preventing the court from acquiring jurisdiction in *Space Coast Credit Union v. The First, F.A.*, 467 So.2d 737, 740 (Fla.App.1985). The court held jurisdiction over a defendant in a garnishment proceeding required service of process by the sheriff, or a special process server appointed by the sheriff or the court. *Id.* at 739. Delivery of process by an agent of the judgment creditor's counsel was invalid. *Id.*

■ Under the Wyoming standard of strict compliance with statutes and rules regarding service of process, the substituted service attempt by the investigator was without proper appointment and therefore ineffective. The affidavit of service the investigator completed did not alter the lack of appointment. Without the clerk of court's appointment, the service had no more legal validity than if a person walking through the neighborhood delivered process. It is undisputed that State Farm received the alias summons and the amended complaint forwarded by the Wyoming State Insurance Commissioner; however, actual notice does not mean that provisions of the Rules of Civil Procedure or a substituted service statute may be ignored. *Tart v. Hudgins*, 58 F.R.D. 116, 117 (M.D.N.C. 1972); *Townsend*, 318 S.E.2d at 511; *Baker v. Foy*, 310 Or. 221, 797 P.2d 349, 355 (1990).

■ Appellants' subsequent actions also failed to comply with the substituted service provisions of Wyo.Stat. § 26–3–122. The statute's meaning is an issue of first impression before this court; however, previous decisions on similar statutes point a clear path. Nonresident service of process statutes are in derogation of the common law and are given a strict construction; therefore, each step is jurisdictional and a condition precedent to completion of service of process upon a nonresident defendant.

*In re Lonquest's Estate*, 526 P.2d 994, 998 (Wyo.1974); *National Supply Co. v. Chittim*, 387 P.2d 1010, 1012 (Wyo.1964); *Martin v. Meier*, 111 Wash.2d 471, 760 P.2d 925, 929 (1988). The duty to show compliance with a substituted service statute rests with the plaintiff attempting such service. *Midway Oil Corp.*, 714 P.2d at 343. The attorney for a litigant is responsible for strict compliance with the rules and statutes authorizing substituted service. *National Supply Co.*, 387 P.2d at 1012. The court's inquiry must be as to whether the requisites of the controlling statute have been complied with and such compliance appears on record. *Napoleon B. Broward Drainage Dist. v. Certain Lands Upon Which Taxes Were Due*, 160 Fla. 120, 33 So.2d 716, 718 (1948).

■ In Wyoming, the Insurance Commissioner must be appointed as the attorney for the service of process directed at foreign insurers. Wyo.Stat. § 26–3–121(a) (1983). Service of process to the Insurance Commissioner is the only way to serve a foreign insurer. Wyo.Stat. § 26–3–121(c). Wyo.Stat. § 26–3–122(a) directs that service of process against an insurer for whom the Insurance Commissioner is the attorney shall be made only to the Commissioner, or deputy or person in charge. The Insurance Commissioner then forwards the process by registered mail to the "person currently designated by the insurer to receive the process." Wyo.Stat. § 26–3–122(c). Both appellants and State Farm agree that the Insurance Commissioner complied with his duties. The ineffective service delivered by appellants' investigator to the Insurance Commissioner was forwarded to Mr. Edward B. Rust, Jr., as President of State Farm Fire and Casualty Insurance Company in Bloomington, Illinois.[4]

The controversy between the parties centered on the requirement that for the substituted service of process to have been sufficient, a copy of process should have been sent to State Farm by the appellants within ten days of service to the Insurance Commissioner. Wyo.Stat. § 26–3–122. The appellants did not meet the statutory requirements. It is undisputed that during the ten-day period following the September 29, 1989 delivery of process to the Insurance Commissioner, the appellants did not forward a copy of the process and a notice of service to State Farm.

■ The delivery of process to the Insurance Commissioner on September 29, 1989 commenced timing on State Farm's need to answer under W.R.C.P. 12, and appellants' need to file the affidavit of compliance required by Wyo.Stat. § 26–3–122(d)(iii). *Midway Oil Corp.*, 714 P.2d at 345. Considerable confusion on this subject appears on the record. The confusion was hastened by the use of a printed summons form which contained the same language regarding in-state and out-of-state service that this court recognized as creating a potential jurisdictional defect in *Midway Oil Corp.*[5] *Id.* at 344–45. The alias summons required an answer to the complaint within twenty days after service. The alias summons noted parenthetically that if service is made outside the state you have thirty days to file and serve your answer.

State Farm responded with the motion to quash service on October 19, 1989, exactly twenty days after delivery of process to the Insurance Commissioner. Consequently, State Farm argued that appellants failed to file an affidavit of compliance in a timely fashion for in-state service. Appellants choose not to brief this subject on appeal; however, they argued in district court that State Farm had thirty days to respond and entered into the record a supporting affidavit from the First Judicial District Clerk of Court.

---

4. The Wyoming State Insurance Commissioner had no obligation to determine that the service delivered to him was ineffective. The Insurance Commissioner's obligation was only to forward the process he received in accord with the terms of the law.

5. The *Midway Oil Corp.* court wisely counseled: "Obviously, careful attorneys should modify the printed-form summons to accommodate the proper answer time." *Midway Oil Corp.*, 714 P.2d at 344.

The substituted service statute is silent on the proper time for response. Wyo. Stat. § 26–3–122. It is clear that the Insurance Commissioner is an in-state agent for the service of process. Normally, in-state service must be responded to within twenty days. W.R.C.P. 12(a). However, this court has recognized an exception when substituted service is made on a state official as an agent for process. *Midway Oil Corp.*, 714 P.2d at 344. The court recognized that the additional time allows the state official to forward process. In addition, W.R.C.P. 12 allows thirty days to answer when service is made outside the state, or by publication. W.R.C.P. 12(a). The court held, therefore, that when substituted service is made on a corporation by serving the Secretary of State, the corporation should have thirty days to answer. *Midway Oil Corp.*, 714 P.2d at 344. The logic of the rule in *Midway Oil Corp.* is persuasive. We hold that under the provisions of Wyo. Stat. § 26–3–122, a defendant shall serve his answer within thirty days after substituted service of the summons and complaint on the Insurance Commissioner.

■ Only after State Farm challenged jurisdiction, on October 19, 1989, did appellants react. Initially, appellants filed documents purporting to meet the statutory mandate, including the styled "Notice of Service" document filed on October 20, 1989 and the affidavit filed on October 23, 1989. The defective notice of service attempted to rely on the ineffective service to the Insurance Commissioner to fulfill appellants' statutory obligation of providing notice within ten days of service to the Insurance Commissioner. The Insurance Commissioner's adherence to his duty could not save the appellants from their duty to strictly comply with the statute.

The affidavit filed by appellants' attorney was similarity ineffective to show compliance. The affidavit does not state that appellants sent a notice of service and copy of process to State Farm within the time required. Instead, the affidavit relies on hearsay statements of the "Wyoming State Insurance Commissioner" to repeat that service was delivered by the Insurance Commissioner. Appellants belatedly attempted to comply with the statute by sending a notice of service and "copies of pleadings" to State Farm on October 20, 1989. A notice of this mailing was not filed until November 27, 1989. None of these actions conformed to the mandate of the statute to provide a notice of service and copy of process to State Farm within ten days of service to the Insurance Commissioner.

■ Appellants also challenged that the statute could be read in the alternative to allow two methods of service: service by the Insurance Commissioner alone or service by the Insurance Commissioner and the plaintiff. The appellants' theory rested on an incomplete reading of the statute and is in error. The statute clearly outlines three steps to follow after service to the Insurance Commissioner. First, a "notice of that service and a copy of the process" must be sent "within ten (10) days from the date of service by registered mail by plaintiff or his attorney to the defendant insurer at its last known principal place of business in the United States." Wyo.Stat. § 26–3–122(d)(i). Second, either the defendant receives this notice and copy of process or the post office issues a receipt with the sender's name and the name and address to which the letter is addressed. Wyo.Stat. § 26–3–122(d)(ii). And third, an affidavit by the plaintiff or his attorney is filed with the clerk of court showing compliance. The affidavit is to be filed on or before the date the defendant is required to appear. Wyo.Stat. § 26–3–122(d)(iii). The three divisions of subsection (d) are obviously to be read in their entirety. The first division ends with a semicolon denoting statements that are too closely related to be written as separate sentences. The second division ends with another semicolon followed by "and" to emphasize that it should be read together with the third division. Every subsection of the statute must also be read together to ascertain the meaning of the whole. *Story v. State*, 755 P.2d 228, 231 (Wyo.1988). This view is emphasized by the final sentence of the statute: "Process served upon the commissioner *with a copy forwarded as in this section provided* con-

stitutes valid and binding personal service upon the insurer." Wyo.Stat. § 26–3–122(f) (emphasis added). The sentence plainly means that personal service must be accomplished by serving the Insurance Commissioner *and* providing a notice of service with a copy of the service to the insurer. One or the other is simply insufficient to satisfy due process. *United Equitable Ins. Co. v. Karber,* 243 Ark. 631, 421 S.W.2d 338, 339 (1967). The Insurance Commissioner forwards the service to the "person currently designated by the insurer to receive the process." Wyo.Stat. § 26–3–122(c). The plaintiff sends notice of service and copy of the process to the "last known principal place of business" of the insurer. Wyo.Stat. § 26–3–122(d)(i). This is not duplicative service. *See Colley v. Dyer,* 821 P.2d 565 (Wyo.1991), Urbigkit, C.J., concurring. The destination of each copy is not necessarily the same. The person designated to receive service may not be located at the principal place of business. Rather, the service necessary under the substituted service provision of the insurance code is a classic example of compliance with due process by providing "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

 Appellants contend State Farm's jurisdictional challenge has been waived by making a "general" appearance. The argument is in error. The distinction between general and special appearances has been eliminated by the adoption of the Rules of Civil Procedure. *Colley,* 821 P.2d 565; *State ex rel. Sheehan v. District Court of Fourth Judicial Dist., In and For Johnson County,* 426 P.2d 431, 435–36 (Wyo.1967). State Farm first moved to quash service for lack of jurisdiction. After the motion to quash was denied, State Farm had a right to defend against the action on the merits while continuing to preserve its objections. *Vanover,* 307 P.2d at 121; *United Mine Workers of America, Local 1972 v. Decker Coal Co.,* 774 P.2d

1274, 1283 (Wyo.1989); 5A C. Wright & A. Miller, *Federal Practice and Procedure 2d* § 1352 (1990). State Farm maintained its objections to personal jurisdiction and sufficiency of service in each of its responsive pleadings.

### III. CONCLUSION

Appellants' attempt to secure personal jurisdiction over State Farm failed. The private investigator's initial substituted service delivery to the Insurance Commissioner was ineffective. From the record, there was no evidence that the investigator was appointed to serve process. In addition, appellants' unsuccessful attempts at substituted service under the Wyoming Insurance Code, Wyo.Stat. § 26–3–122, did not show strict compliance. State Farm's due process right to notice required that appellants perform the tasks assigned by law. While the dismissal of an action is a harsh remedy, it is necessary when the court lacks personal jurisdiction.

Reversed with orders to the district court to dismiss for lack of personal jurisdiction.