## WILLIAMS *et al. v.* BATTEN.

The provisions of the Civil Code (1910), § 5557, with, reference to service upon non-residents by publication, being in derogation of the common law, must be strictly and literally construed. The requirement of that section that the notice therein referred to shall be mailed by the clerk does not permit the delegation of that duty to any person other than a lawful deputy clerk; and from failure of the clerk or deputy clerk to personally perform this duty failure of service by publication results. Such service is void; and where there is no service there can be no valid judgment or decree.

No. 3564. OCTOBER 12, 1923.

Equitable petition. Before Judge Ellis. Fulton superior court. December 12, 1922.

A. G. Batten brought his petition against A. C. Williams, Arnold Broyles, clerk of the superior court of Fulton County, and T. C. Miller, deputy clerk of said court, and set forth the following: On December 22, 1919, A. C. Williams filed in the superior court of Fulton county his petition against A. G. Batten, alleging, that said Williams had conveyed to Mrs. Eva Williams, then his wife, by warranty deed upon an expressed consideration of $1875, certain described real estate in Fulton county; that the recital of consideration in the deed was false, the true consideration being a provision for alimony thereby made to the grantee; that afterwards the grantor and grantee resumed cohabitation, which avoided said deed; that subsequently to the cohabitation his said wife obtained a divorce and married Batten, who became her sole heir at law upon her death in 1919; and that Batten was a non-resident of the State of Georgia. Williams prayed that the said deed be canceled, that a writ of possession issue in his favor, and that service be had upon Batten by publication. On the day said petition was filed, Williams obtained an order for service thereof by publication, and afterwards obtained a certificate of Miller, deputy clerk, that he (said deputy) had mailed a copy of the newspaper containing the published notice addressed to Batten, the defendant in that suit, at his last known address. Thereupon Williams obtained an order declaring service by publication perfected upon said Batten. Upon this suit Williams obtained a verdict and judgment canceling said deed, at the May term, 1920, of said court, and upon this obtained a writ of possession in his favor. The last publication of said notice was less than 15 days before the March term, 1920, of

said court, that term convening on March 1, 1920. In fact n'either the clerk nor the deputy clerk of said court mailed to Batten the copy of said newspaper addressed to him, but the same was delivered to the attorney for Williams, and the attorney mailed it. The publication containing the notice was never received by Batten, nor did he have either notice or knowledge of the filing of the petition or any of the proceedings in connection therewith until July 11, 1921, and he did not waive service nor appear in person or by attorney at any stage of the proceedings. The allegations of the petition of said Williams were false; the deed was not void, and there was no subsequent cohabitation between Williams and his wife. That petition was filed in Williams's personal capacity, whereas at the time of its filing and ever since he was the administrator of the estate of the grantee in the deed, who was his wife at the time of her death. The real estate was purchased with funds belonging to Eva Williams, but title thereto was wrongfully taken by A. C. Williams in his own name. "Petitioner further shows that said certificate of said deputy clerk, and the order declaring service perfected, and the verdict and decree and writ of possession were and are void, for the following reasons, to wit: (a) Because the personal representative of the grantee in said deed was not made a party to said cause. (b) Because said notice was not mailed by the deputy clerk as required by law. (c) Because the attempted service by publication was not completed more than 15 days before the return term of the court. (d) Said verdict, decree, and writ of possession were and are void for the further reason that the said A. C. Williams practiced a fraud upon your petitioner and upon this honorable court by false allegations in the respects aforesaid." Petitioner prays that said certificate of mailing and order declaring service perfected be vacated, and that said verdict, decree, and writ of possession be set aside and annulled, for process, for service by publication upon the defendant A. C. Williams, and for other and further relief, etc.

In his answer A. C. Williams denied that the date of the last publication of the notice was less than 15 days before the March term of the court, that his attorney mailed the copy of the newspaper containing the notice to Batten, that the allegations of Williams's petition in the former suit were false, and that the real

estate 'was bought with the funds of Mrs. Eva Williams. For want of information he was unable to admit or deny that Batten never received notice of the pending suit against him; and whether Batten is the administrator of his wife. By amendment the defendant set up that on the date when the certificate that a copy of the publication containing the notice to appear had been mailed was signed by the deputy clerk, R. R. Jackson, who was one of counsel of record for A. C. Williams, presented to said deputy clerk a copy of the paper in which the citation for service by publication was run; that the deputy clerk made a pencil mark around the printed citation in said paper, and, after marking the same, put it in an envelope furnished by Jackson, which was stamped and addressed to Batten at his last known address in Texas, handed the envelope so addressed and stamped to Jackson, and requested Jackson to place the same in the United States post-office mail-box just outside of the clerk's office; and that Jackson then and there left the desk of the deputy clerk, walked through the entrance to said United States mail-box, and deposited said envelope and contents in said mail-box. The defendant admitted that the last publication of said notice was less than 15 days before the March term, 1920, of the court. The defendant also interposed an oral demurrer on the grounds that the allegations of the petition showed no case against the defendant, and no right in the plaintiff to the relief sought; and that the allegations of the petition showed that the service complained of had been perfected according to law. This demurrer was overruled and the defendant excepted pendente lite. The court directed a verdict for the plaintiff upon an agreed statement of facts as follows: " We agree that the court directed a verdict for plaintiff on the pleadings in said cause, and upon statements of counsel for both parties that such pleadings contained truthful averments as to facts of alleged service of the bill in the case of Williams against Batten, the verdict and decree wherein were sought to be set aside by these proceedings." By this verdict the jury found in favor of the plaintiff that the service in the suit of A. C. Williams v. A. G. Batten was void, and that the verdict and decree therein be set aside. Decree was entered accordingly. The defendant moved for a new trial upon the general grounds. The judge overruled the motion, and the defendant excepted.

*Roy Lewis, R. R. Jackson,* and *G. G. Finch,* for plaintiffs in error.  *J. K. Jordan,* contra.

Russell, C. J. (After stating the foregoing facts.)  This case presents the second phase of a contest between Williams and Batten, and Batten and Williams, for the possession of a piece of real estate in East Point, Georgia.  Both Batten and Williams are survivors of the former owner of the property, who was successively the wife of both of them.  As they seem in life to have been contestants for possession of the owner of the land, so after her death they both desire the possession of her property.  This case would never have been here if Batten and Williams could both have been content to have resided in Fulton County at the same time, to wit, the time when each desired to acquire possession of the East Point property by litigation.  But first Williams filed against Batten a proceeding quasi in rem, asking the cancellation of a deed dated September 20, 1915, made to Mrs. Eva Williams, then his wife, as a provision for alimony, and which Williams alleged was avoided by resumption of cohabitation.  Therefore he prayed the cancellation of the deed, and that he recover the land from Batten, who had married the former Mrs. Williams, and by her death had become her sole heir.  Batten was then residing in the State of Texas, as alleged.  After apparent service by publication in accordance with the statutes in such cases made and provided, Williams obtained a decree and a writ of possession awarding him possession of the premises in East Point.

For the purposes of this suit, Batten comes back to Georgia, either in person or by attorney, or both, and, according to the petition now before us, Williams has left the State and is residing in Tennessee, and service is again perfected by publication as to Williams, thus verifying the Scripture, " Verily as you mete, it shall be measured to you again."  Batten asserted in his petition against Williams that the service in the suit of Williams against him for the cancellation of the deed, whereby Batten lost the East Point lot, was void, and consequently the judgment in Williams' favor was void.  Two other reasons are stated in Batten's petition why the decree in favor of Williams is void; but is is not necessary at this time to rule upon these objections, since the validity or invalidity of the service is the controlling question in the case, as is apparent from the proceedings in the trial court and the judg-

ment and decree rendered therein. The substance of the plaintiff's petition will be found in the statement of facts. This petition the plaintiff in error moved to dismiss, upon the ground " That under all the allegations pleaded in the petition of plaintiff there was no case made against defendant, and no right shown by the pleadings of plaintiff to entitle him to a verdict in his favor or a decree in his favor in accordance with his prayers for equitable and affirmative relief. That under the allegations of plaintiff the copy of the paper containing the notice of the suit complained of by plaintiff, and the citations as published for perfecting service of the suit complained of and pleaded by plaintiff, showed that the service complained of had been perfected according to law, and plaintiff's suit should be dismissed." The court overruled the motion to dismiss, and exceptions to this judgment were preserved pendente lite, and are presented for our consideration in the present bill of exceptions. The case then proceeded to trial, and resulted in a verdict in favor of the plaintiff Batten, which was followed by a motion for new trial, which was overruled, and the plaintiff in error excepts to the judgment refusing a new trial.

If the trial judge correctly ruled upon the motion to dismiss, it was not error to overrule the motion for a new trial; for by an amendment the defendant admitted so much of the petition as charged that the notice of the suit and published citation was not mailed by the clerk or deputy clerk of the superior court, but was deposited in the mail by the plaintiff's attorney. For this reason we confine our rulings solely to this question presented by the record: does the failure of the clerk of the superior court or his deputy to mail the notice prescribed by the Civil Code (1910), § 5557, by himself and in person, wholly invalidate an effort to serve by publication under the process of the court? Or, to state the question more exactly in accordance with the facts of this case: can a deputy clerk procure a substitute to perform the service of mailing required by the Code in his stead? The provisions of § 5557 are as follows: " In all cases where the residence or abiding-place of the absent or non-resident party is known, the party obtaining the order shall file in the office of the clerk . . a copy of the newspaper in which said notice is published, . . and thereupon it shall be the duty of said *clerk* at once to enclose, direct, stamp, and *mail* said paper to said party named in said order

. ." In view of the admission in the defendant Williams' answer that neither the clerk nor his deputy had mailed said notice, we hold that the learned trial judge ruled correctly both upon the motion to dismiss and upon the motion for a new trial.

It is well settled, of course, that a personal judgment cannot be obtained against a non-resident, because the courts of this State cannot by service acquire jurisdiction of the person, and our statutory provisions as to service by publication, which are applied in proceedings in rem or quasi in rem, must be most strictly followed. As is said in 32 Cyc. 467, " Statutes everywhere exist authorizing constructive service of process by publication in certain cases where personal service cannot be had. These statutes are in derogation of the common law, and hence are to be strictly construed and literally observed." The necessity of strict construction under our statutes is more apparent when it is considered that service may be perfected if a copy of the newspaper in which the statutory notice is published is enclosed, directed, stamped, and mailed by the clerk, even though such notice is never in fact received by the party sought to be served. The statute relies and depends solely upon the presumption that the United States government will deliver mail entrusted to it for safe-carriage and delivery. There is a public policy involved in the requirement of § 5557 that the clerk himself shall mail the notice required by law. If service by publication has been properly perfected according to the very letter of the code section, a decree rendered thereon is just as valid as though the defendant had been personally served, with the possible exception of fraudulent allegations as the basis for recovery. (23 Cyc. 1024n.) It is wholly immaterial whether the mailed notice is received by the defendant or not; and so if the mailing of the notice can be made by the attorney for the complainant, it would be possible for any attorney of any complainant to claim to have mailed such notice, and a non-resident might thereby be deprived of his property without possibility of redress, since he cannot successfully traverse the certificate of mailing. The clerk who is required to mail a copy of the notice may be presumed to be impartial and without interest in the result of the cause, and he is an officer under oath and under bond for the faithful performance of his duty. We do not think that he can delegate the essential duty of *mailing* this notice in propria per-

sona, any more than a sheriff could request the attorney for the plaintiff to serve the defendant by handing him a copy of the petition and process in the suit against him.

The decision of the learned trial judge was in accordance with the ruling of this court in *Horton* v. *State*, 112 *Ga.* 28 (37 S. E. 100), in which it was said, quoting from Mechem on Public Offices and Officers, "that where the law expressly requires the act to be performed by the officer in person, it can not, though ministerial, be delegated to another." It has been held that service by an unauthorized person is void. *Strauss* v. *Owens*, 6 *Ga. App.* 415 (65 S. E. 161); *Hillyer* v. *Pearson*, 118 *Ga.* 815 (45 S. E. 701). It would seem to follow that the performance of any one of the acts essential to constitute service, especially as related to service by publication upon a non-resident, by an unauthorized person, would render nugatory the attempt to serve, even though other acts required to complete the service might be performed by an officer authorized to effect service. Even though in this case the deputy clerk directed and stamped the envelope containing the notice which he had marked, there would be no compliance with the prerequisites of service unless the notice was mailed. The attempt to perfect service would become nugatory for lack of the important final essential ingredient, to wit, *mailing,* and there would be no service as required by law.

There being no service, the decree rendered in behalf of Williams against Batten is void; for a judgment rendered in a case where there has been no service is a nullity. *Phillips* v. *Wait,* 106 *Ga.* 589, 591 (32 S. E. 842).

*Judgment affirmed. All the Justices concur, except Hines, J., disqualified.*