## MILLIS v. MILLIS.

1. When the street address of a non-resident defendant in a divorce suit, who resides in a city in which the streets are numbered, and in which mail is delivered by carriers, is known to the plaintiff at the time of

Divorce, 19 C. J. p. 102, n. 12; p. 104, n. 32 New; p. 163, n. 75.

the institution of the divorce suit, it is the duty of the plaintiff, in making an affidavit for the purpose of obtaining an order to perfect service by publication, to give therein such street address, or otherwise furnish it to the court or its clerk, in order to enable the clerk to properly address the envelope or package containing a copy of the newspaper in which notice requiring the defendant to appear is published. In such a case it is not sufficient to give merely the city and State in which the defendant resides.

2. Where the plaintiff, knowing the street address of the defendant, failed to furnish it to the court or its clerk, for the deliberate purpose of preventing the defendant from receiving notice of her suit and from appearing and defending it when he had a good defense, and where the defendant did not receive such notice and did not know of the pendency of the suit until after the decree was granted, such conduct on the part of the plaintiff amounted to such fraud as would entitle the defendant to have the verdicts and decree in the divorce case'set aside.

3. An order adjudging that service has been perfected upon a non-resident defendant in a divorce case, and its entry upon the petition therein, are not jurisdictional in character; and where the trial judge, after investigation, orally adjudges that proper service has been perfected by publication, but fails to enter an order on the petition to that effect, such omission does not render the final decree in the divorce case void. In these circumstances the judge, after the rendition of the final decree in such case, can have such order entered nunc pro tunc.

No. 6016. NOVEMBER 19, 1927.

Petition to set aside decree. Before Judge Humphries. Fulton superior court. April 15, 1927.

*Dorsey, Howell & Heyman* and *Mark Bolding,* for plaintiff.

*Anderson, Rountree & Crenshaw* and *Granger Hansell,* for defendant.

HINES, J. On August 7, 1926, John Millis filed his petition against Mrs. M. R. Millis, to set aside verdicts and final decree granting her a divorce from him. He made these allegations: He and defendant, after marriage, lived together as husband and wife for twenty years and until January 1, 1914, when without cause she left him and established her domicile in Fulton County of this State. On May 6, 1925, she filed a suit for divorce, and made an affidavit stating that he resided outside of Georgia and in Cleveland, Ohio. An order was taken for the service on him by publication. This service was to be effected by publication of process, twice a month for two months prior to the next term of court, in the public gazette known as Fulton County Daily Report. On May 26, 1925, the deputy clerk of the court certified that he had that day mailed a copy of said gazette, containing a

marked notice of said suit, properly stamped and addressed to petitioner at Cleveland, Ohio. On January 26, 1926, the first verdict in the divorce suit was granted to the wife. On June 3, 1926, a second verdict was granted; and on the same day a decree divorcing the parties was signed. At the time she made the affidavit of May 6, 1925, Mrs. Millis knew the street and number at which petitioner resided, and could and should have stated his full and complete street address. He did not receive any copy of said public gazette containing a marked notice of the suit, did not know of its pendency, and did not have any information or knowledge whatsoever of the bringing thereof and the obtaining of said verdicts and decree until he was notified by the attorneys for Mrs. Millis by letter received on July 9, 1926. Said gazette is not a paper of general circulation, but is of a limited local circulation. The record in the divorce suit does not disclose that the judge, before the trial thereof, determined that service of said suit had been properly perfected as required by section 5558 of the Code, or any order to that effect, showing service; nor do the minutes of the court disclose any such order; and petitioner charges that there was no such adjudication and no service as contemplated by law. Petitioner did not make an appearance, did not plead to the suit, and has never waived service. He is not in laches, has a meritorious defense, and is ready for instant trial. He is willing to submit himself to the jurisdiction of the court for the determination of the issues of law and fact that he will raise. He attaches as exhibits a demurrer and answer which he prays leave to file in the divorce suit, on the setting aside of the verdicts and decree. This answer sets out a meritorious defense to the libel for divorce. The failure of Mrs. Millis to furnish the well-known street address and number of the house at which petitioner resided in Cleveland, Ohio, was a concealment of material fact, amounting in law to a fraud on the court and against petitioner, and was omitted for the purpose of preventing him from appearing and making defense. The court was without jurisdiction to render said verdicts and said decree, and they are void. He prays that they be set aside, and that Mrs. Millis be enjoined from changing the present status.

By amendment he alleged that since the filing of his petition in this case he has learned that on August 9, 1926, Mrs. Millis

obtained a purported order reciting that legal service had been perfected upon him in the divorce case, and a judgment of perfection of service by publication was granted on August 9, 1925, and entered nunc pro tunc. Said order was invalid, because not in compliance with section 5558 of the Code, and because the court had no jurisdiction of the divorce case and no jurisdiction to pass said order after the final verdict and decree.

The defendant demurred upon the ground that the petition set forth no cause of action. The court sustained the demurrer, and the petitioner excepted.

1. Service of a non-resident defendant in a divorce suit shall be perfected as prescribed in the Code in causes in equity. Civil Code (1910), § 2951. If the defendant in an equitable petition does not reside in this State, service of the petition may be made by publication. § 5553. Where the defendant resides out of this State, and it is necessary to perfect service upon such person by publication, upon the fact being made to appear to the judge of the court in which suit is pending, said judge may order service perfected by publication in the paper in which sheriff's advertisements are printed, twice a month for two months. The contents of the notice are prescribed. · § 5556. It has been held that there can be no service by publication without this order. Where the residence or abiding-place of the non-resident party is known, the party obtaining the order shall file in the office of the clerk, at least thirty days before the term next after the order of publication, a copy of the newspaper in which such notice is published, with the notice plainly marked; and thereupon it shall be the duty of the clerk at once to enclose, direct, stamp, and mail said paper to the party named in the order, and make an entry of his action upon the petition or other writ in said case. § 5557. This section, being in derogation of the common law, must be strictly construed in favor of getting notice to the non-resident party. So we have held that the paper containing this notice can not be mailed by any person except the clerk or his deputy. *Williams* v. *Ballen,* 156 *Ga.* 620 (119 S. E. 709). The courts quite uniformly hold that all the statutory requirements for the institution and prosecution of such proceedings, and especially such as are of a jurisdictional character, must be strictly and literally observed, in order that the judgment entered therein shall be of legal force

and validity. 21 R. C. L. 1293, § 36. Counsel for the defendant in their brief suggest that since it is the duty of the clerk to mail the notice, that officer presumably must make proper inquiries to enable him to comply with the statute, and that there is no obligation resting upon the plaintiff in the premises. We can not agree to this suggestion in its entirety. We think it is incumbent upon the clerk to make proper inquiries to enable him to discharge the duties resting upon him in this matter; but we dissent from the proposition that no obligation is on the plaintiff in the premises. It is the duty of the party obtaining an order for service by publication upon his non-resident adversary, to furnish all information which he possesses or can reasonably acquire touching the residence or abiding place of the non-resident adversary. In *Gwinn* v. *Gwinn,* 145 *Ga.* 481 (89 S. E. 574), it was held that when the plaintiff in a divorce suit knew of the residence and address of the defendant, and willfully and fraudulently failed to comply with this section of the Code, and fraudulently procured an order showing service by publication in terms of the law, these facts were sufficient to show fraud upon the part of the plaintiff in procuring the verdicts and judgment in his favor. It follows necessarily from this ruling that the duty rests upon the plaintiff in a divorce suit against a non-resident defendant, to furnish to the court or its clerk such pertinent information in his or her possession as will enable the clerk to properly mail to the defendant the notice of the suit as required by the Code. 21 R. C. L. 1293, § 38; Romig *v.* Gillett, 187 U. S. 111 (23 Sup. Ct. 40, 47 L. ed. 97); Grigsby *v.* Wopschally, 25 S. D. 564, 127 N. W. 605 (37 L. R. A. (N. S.) 206).

This brings us to construe section 5557, and to ascertain what information which the plaintiff possesses must be furnished by him or her to the court or its clerk, so as to enable that officer to properly mail such notice, and thus give notice to the defendant of the pendency of the suit. The decisions which bear upon this subject are few, so far as we have been able to find. The exact point raised in this case has never been passed upon by this court. In the first place, we have seen that this section is to be strictly construed in favor of facilitating the giving of notice to non-resident defendants in divorce cases. It must be borne in mind that the object of this statute is to provide personal as well as

constructive notice to a non-resident defendant of the pendency
of a suit against him in this State. This law should be so con-
strued as to effectuate this wholesome purpose. Constructive notice
is effected by publication of the process requiring him to appear.
Personal notice on the defendant is to be secured by mailing to
him a copy of the newspaper in which the notice calling upon him
to appear is published, with said notice plainly marked; and this
newspaper must be mailed in the manner prescribed in section
5557. Newspapers, with said notices plainly marked, are required
to be mailed only in "cases where the residence or abiding-
place of the person or non-resident party is known." This language
does not prescribe the method of mailing the newspapers contain-
ing the notice referred to, and does not undertake to fix the ad-
dresses of such defendants to which such newspapers shall be
mailed. This language simply defines the circumstances under
which such newspapers containing such notices are required to be
mailed. Its purpose is to make necessary the mailing of such news-
papers containing such notices, only where the residences or abid-
ing-places of the absent or non-resident defendants are known. If
their residences or abiding-places are unknown, then the mailing
of such newspapers to absent or non-resident defendants is not
necessary. The statute does not attempt to provide how the
packages containing such newspapers shall be addressed to the
absent or non-resident defendants. It provides that, in a case
where a defendant's residence or abiding-place is known, the
party obtaining the order for service by publication shall file in
the office of the clerk a copy of the newspaper in which the notice
has been published, with the notice plainly marked. When this
is done, it becomes the duty of the clerk at once, "to inclose,
direct, stamp, and mail said paper" to the absent or non-resident
party. The statute does not specifically provide how the envelope
or wrapper containing the newspaper shall be directed. It is fair
to presume that the legislature in enacting this statute intended
that the package should be directed in compliance with the require-
ments promulgated by the Post-Office Department of the United
States, for the purpose of securing the safe delivery of mail matter.
Section 113 of the requirements of the Post-Office Department,
which deals with addressing domestic mail matter, is as follows:
"Write plainly the name of the person addressed, street and num-

ber, number of rural route, or post-office box, and the name of the post-office and State in full." U. S. Official Postal Guide, July 1927, page 21. This provision was expressly promulgated for the purpose of effecting the delivery, and preventing the non-delivery, of domestic mail matter. Under our statute, in view of this provision, an envelope or wrapper enclosing a newspaper in which is published a notice calling upon a non-resident defendant to appear in a divorce case, where such defendant lives in a town or city where the streets are numbered, should be directed to his street address, if such address is known to the plaintiff. This is more imperative where such defendant resides in a large city like Cleveland, Ohio. It is a matter of common knowledge that mail matter directed to addressees at the post-offices in large cities, without giving their street addresses, is often never delivered. In view of the great importance of giving notice to non-resident defendants of the pendency of divorce suits against them in this State, compliance with the requirements of the above provision of the post-office department can reasonably be required.

2. It appears that the defendant made an affidavit in her divorce suit for the purpose of procuring an order for service by publication of plaintiff, in which she deposed that the residence of plaintiff was at Cleveland, Ohio. The petition alleges that the wife well knew the street and number of plaintiff's residence in that city and his street address, before and at the time she instituted her suit for divorce; and that she concealed his full and complete address and failed to furnish it to the court, for the deliberate purpose of preventing him from receiving notice of her suit and appearing and making a valid defense which he had thereto. The demurrer admits the truth of this allegation. The wife should have stated, in her affidavit for the purpose of obtaining the order for perfecting service by publication in the divorce suit, the street address of her husband in Cleveland, Ohio. As, under his allegations, he did not receive the newspaper containing the notice of the divorce suit, and did not know of its pendency until after the decree was granted, and as the wife is charged in the petition with concealing and failing to give to the court or the clerk the street address for the express purpose of preventing the husband from receiving the notice and making a defense to her suit, such conduct on the part of the wife, if true, amounted

to such fraud as would entitle the husband to have the verdicts and decree set aside. Civil Code (1910), § 4584; *Gwinn* v. *Gwinn,* supra; Lynn *v.* Allen, 145 Ind. 584 (44 N. E. 646, 33 L. R. A. 779, 57 Am. St. R. 223).

The petition made a case to be passed upon by the jury. In *DeLay* v. *Latimer,* 155 *Ga.* 463 (117 S. E. 446), the proceeding was one to foreclose a mortgage, and it is true that the inclosure or envelope containing the newspaper in which the notice to the defendant was published was addressed to the defendant at Charleston, South Carolina; but in that case the question raised in this case was not made or involved, and besides there was a collateral attack by a claimant upon the judgment of foreclosure. In Moore Realty Co. *v.* Carr, 61 Ore. 34 (120 Pac. 742), the judgment was collaterally attacked; and the Supreme Court of Oregon held that it was not necessary to decide the question whether the failure of the affidavit to state the post-office address of the defendant would be fatal to the proceeding, when raised in a direct attack upon it. In the present case the attack upon the judgment in the divorce case is direct. Furthermore, in that case, the defendant was later served, before judgment, with the notice. Counsel for the defendant strongly rely upon Burke *v.* Donnovan, 60 Ill. App. 241, where the Court of Appeals of Illinois, in construing a statute of that State, held that a preliminary affidavit made for the purpose of obtaining an order for perfection of service by publication, which stated the urban place of residence of the defendant, was sufficient, and that it was not necessary to give the street and number at which the defendant resided. The terms of the Illinois statute were not set out. To sustain its ruling the court cited Hannas *v.* Hannas, 110 Ill. 53, and Schaefer *v.* Kienzel, 123 Ill. 430 (15 N. E. 164). By reference to these cases it will appear that the court was dealing with a statute which required that the affidavit made by the complainant or his attorney, for the purpose of obtaining an order for the perfection of service by publication, should state that the defendant resided or had gone out of the State, and should state the place of residence of such defendant. The Court of Appeals of Illinois held that an affidavit which stated that the defendant resided in a given city was a sufficient compliance with this statute, and that it was not necessary to give the street and number at which the defendant resided.

3.  In the divorce suit service by publication was ordered.  No order by the trial judge, adjudging that such service had been properly perfected, was passed and written on the petition in the case before the second verdict and final decree were rendered. Afterwards an order was taken on August 9, 1926, adjudging that legal service had been perfected on the defendant therein, that an order to that effect had been granted on August 9, 1925, and that such order be entered nunc pro tunc.  Petitioner contends that the rendition of the divorce verdicts and decree, before the entry of such order on the petition in the divorce case, made such verdicts and decree void, and that the nunc pro tunc order, granted after the divorce case had been finally disposed of and ended, was void for lack of jurisdiction in the court to grant it.  Our statute does most explicitly require the court to pass such an order before the trial.  Civil Code (1910), § 5558; *Langston* v. *Langston,* 141 *Ga.* 675 (82 S. E. 36) ; *Schulze* v. *Schulze,* 149 *Ga.* 532, 534 (101 S. E. 183).  We have seen that the requirements of our statute, and especially those which are jurisdictional, must be strictly and literally complied with.  Non-compliance with such of these requirements as are not jurisdictional can be taken advantage of before judgment, but does not render the judgment void.  Compliance with those requirements which are jurisdictional must be had before judgment.  Failure to comply with such requirements before judgment renders the judgment void.  This brings us to inquire whether the order adjudging that perfection of service by publication had been effected, and the entry of such order upon the petition by the judge before trial, are jurisdictional.  Service of the notice, both by its publication and by mailing it to the non-resident defendant, is jurisdictional.  Lack of either one would render the judgment void.  When service is perfected both by publication of the notice and by mailing it to the non-resident defendant as required by our statute, the court acquires jurisdiction. Such notice and its service in the above ways are essential to jurisdiction.  The adjudication by the trial judge that service has been perfected in these ways, though essential and important, is like the return of an officer of service, not jurisdictional.  *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321, 324 (48 S. E. 25).  Jurisdiction is dependent upon the fact of service, and not on proof thereof. *Love* v. *National Liberty Insurance Co.,* 157 *Ga.* 259, 267 (121

16

S. E. 648). The order furnishes the proof of service; but its absence does not render the judgment void. In *Schulze* v. *Schulze,* supra, the record failed to show that the judge had passed an order before the trial of the case, adjudging that service by publication had been perfected as required by the Civil Code, § 5558; and it was urged that this omission constituted a defect on the face of the record which invalidated the judgment. This court, in dealing with this question, said: "The statute mentioned does explicitly require the court to pass such an order before the trial, and it is the duty of the court to comply with the statute; but an order of the court reciting that service has been perfected is not itself service. It is an adjudication that satisfactory evidence of service has been submitted to the court and that it met the requirement of the statute. Failure to take the order is an irregularity of practice. It does not amount to an affirmative showing from the record that service has not been perfected." It necessarily follows from this ruling that the grant of such order and its entry by the judge upon the petition are not jurisdictional, and that the absence of such order and its entry would not render the judgment void.

Did the court err in entering this order nunc pro tunc? If the trial judge actually made an investigation and viva voce granted an order adjudging perfection of service by publication, which he omitted to reduce to writing and enter upon the petition in the divorce case, he could by judgment nunc pro tunc have such order entered upon the petition. *Vaughn* v. *Fitzgerald,* 112 *Ga.* 517 (37 S. E. 752); *Selph* v. *Selph,* 133 *Ga.* 409, 411 (65 S. E. 881). No attack is made upon the nunc pro tunc judgment as having been granted without notice to the plaintiff and without an opportunity to be heard in resistance to its allowance. Whether a nunc pro tunc judgment can be rendered ex parte and without notice to the opposite party is not now for decision. Certainly the better practice would be to file a motion for the grant of such nunc pro tunc judgment, and give to the opposite party notice of such motion and an opportunity to be heard. So we are of the opinion that an order adjudging perfection of service by publication, and its entry upon the petition in a divorce case, are not jurisdictional in character, and that the lack of such order and its entry does not render the judgment void. Where such order has been orally

granted by the judge, and he omitted to reduce the same to writing by entering it on the petition in the divorce case, such omission could be cured by an order nunc pro tunc.

4. The court erred in sustaining the demurrer to the petition, under the rulings made in the first and second divisions of this opinion.         *Judgment reversed. All the Justices concur.*