### 20725. BAKER *v*. BAKER.

MOBLEY, Justice. The exception is to a judgment of the Superior Court of Richmond County sustaining a general demurrer to a petition by Beatrice Johnston Baker to set aside

the divorce decree granted on April 30, 1959, on a petition by Oscar H. Baker against her in Richmond Superior Court. The plaintiff alleged that she was a nonresident of Richmond County, Georgia, living in Portland, Maine, at the time the divorce petition was brought; that service of the petition was never perfected upon her; and that for this reason the divorce decree is null and void and should be set aside. Service of the divorce petition upon the defendant by publication was ordered by the trial judge. The question presented is whether the failure to file a copy of the newspaper in which the citation appeared in the office of the Clerk of the Superior Court of Richmond County within fifteen days after the judge's order ordering service by publication, as required by Code (Ann.) § 81-207.2, rendered service ineffective. It is conceded that the newspaper was filed twenty-one days after the order of service by publication. *Held:*

1. The act approved March 25, 1958 (Ga. L. 1958, pp. 315, 317; Code, Ann., § 81-207) provides that service upon a nonresident defendant in a divorce case shall be perfected as provided in Code §§ 81-207.1 and 81-207.2, which relate to service by publication in all cases. Prior to passage of the 1958 act, Code (Ann.) § 81-207 provided that, in order to perfect service upon a nonresident defendant in a divorce case, the party obtaining the order for service by publication had to file a copy of the newspaper in which the notice appeared "at least 30 days before the term next after the order for publication." Code (Ann.) § 81-207.2 provides that, ". . . where the residence or abiding place of the absent or nonresident is known, the party obtaining the order shall file in the office of the clerk, within 15 days after the date of the order for service by publication, a copy of the newspaper in which said notice is published, with said notice plainly marked; and thereupon it shall be the duty of said clerk at once to inclose, direct, stamp, and mail said paper to said party named in said order, and make an entry of his action on the petition or other writ in said case." This court in *Millis* v. *Millis*, 165 *Ga.* 233, 236 (140 S. E. 503), said, in discussing Code § 81-207: "This section, being in derogation of the common law, must be strictly construed in favor of getting notice to the nonresident party. . . The courts quite uniformly hold that all the statutory requirements for the institution and

prosecution of such proceedings, and especially such as are of a jurisdictional character, must be strictly and literally observed, in order that the judgment entered therein shall be of legal force and validity." See *Williams* v. *Batten*, 156 *Ga.* 620 (119 S. E. 709), in which it was held that service had not been perfected upon a nonresident defendant because a copy of the newspaper containing the notice was mailed, not by the clerk or his deputy, as required by law, but by the attorney for the plaintiff, although the deputy clerk had signed a certificate that he himself had mailed the newspaper. "Compliance with the provisions of these two sections of the Code [81-206 and 81-207] is necessary to give the court in which the proceeding is filed jurisdiction of the case; and if, without so complying, the plaintiff proceeds to try the case and have the court enter a decree, such a decree is void, and at the suit of the defendant upon whom service has not been perfected, to have the decree declared void, the decree should be set aside." *Stiles* v. *Stiles*, 183 *Ga.* 199 (187 S. E. 870). Accordingly, the failure of the plaintiff in the divorce proceeding to observe strictly and literally the requirements of the statute relating to service by publication upon the nonresident defendant, by failing to file a copy of the newspaper carrying the citation as to the divorce case until twenty-one days after the order of the trial judge ordering service by publication, resulted in failure to perfect service by publication upon the defendant in the divorce case.

2. There is no merit in the contention that the defendant in the divorce proceeding submitted to the jurisdiction of the court by reason of a letter written by a Maine attorney to the clerk of the Richmond Superior Court, enclosing a card entitled "Request for Entry of Appearance," on which, over the attorney's name, appeared these words, "In the action of Oscar H. Baker vs. Beatrice Johnston Baker, please enter my appearance for Beatrice Johnston Baker, libellee," as this does not constitute such appearance as will waive jurisdiction, service, or absence of process under the provisions of the Code. "Appearance and pleading shall be a waiver of all irregularities of the process, or of the absence of process, and the service thereof." Code § 81-209. "The defendant may acknowledge service or waive process: Provided, the same shall be in writing signed by the defendant or some one authorized by him." § 81-211. "If a defendant shall appear and plead to the

merits, without pleading to the jurisdiction, and without excepting thereto, he shall thereby admit the jurisdiction of the court." Code § 81-503. Unlike the defendant in *Harper* v. *Tennessee Chemical Co.*, 37 *Ga. App.* 433 (2) (140 S. E. 408), where the defendant appeared and made an oral motion in the nature of a general demurrer which was overruled by the court, the plaintiff in error in the instant case received no benefit from the letter and card, which was not followed by any affirmative action on the part of the plaintiff in error. In *Johnson* v. *Shurley*, 58 *Ga.* 417, Judge Bleckley discussed the effect of the defendants' appearing at the first term but filing no pleadings, followed by entry of the word "answer" on the docket after their names. There he said: "Appearance and pleading amount to a waiver. . . It is true the judge had entered 'answer' upon the docket, and the Code declares, in § 3458 [81-307], that the general issue should be considered as filed in all cases which are answered to at the first term. We hardly think this implied pleading is the sort contemplated in section 3335 [81-209], as working waiver of process and service. We incline to the opinion that this section has in view something put on file, signed by defendants or their counsel, and destined to become of record with the other proceedings in the cause—something as full and formal as an ordinary acknowledgment of service would be." In *Cox* v. *Potts*, 67 *Ga.* 521, this court held that appearance of counsel upon the call of the case and the entry of "answer" on the bench docket, and the marking of the names of counsel for the defendant there, would not be such evidence of appearance and pleading to the merits as to amount to a waiver of service and admission of jurisdiction as contemplated by Code §§ 3335 (81-209) and 3461 (81-503). Counsel the next day pointed out that the answer was made not to plead to the merits but for the purpose of pleading to the jurisdiction.

3. Under the allegations of the petition, the court granting the divorce between the parties was without jurisdiction of the defendant therein, Beatrice Johnston Baker, and for that reason the petition sets forth a cause of action for setting aside the divorce decree. Accordingly, the judgment of the trial court sustaining the general demurrer was erroneous.

*Judgment reversed. All the Justices concur.*

Submitted January 11, 1960—Decided February 11, 1960.

*Killebrew, McGahee & Plunkett,* for plaintiff in error.
*Harris, Chance, McCracken & Harrison, Otis W. Harrison,* contra.