## 22559. RECORD TRUCK LINE, INC. v. HARRISON, Administrator.

MOBLEY, Justice. This case is here on grant of certiorari to the Court of Appeals in case No. 40603. The decisive question presented is whether the Court of Appeals was correct in holding that service may be perfected upon a nonresident motor common carrier who is doing business in Georgia as a common carrier for hire under the provisions of § 68-633, Georgia Code Annotated," (that is where engaged solely in interstate commerce over the highways of this State) by serving the Secretary of State under provisions of *Code Ann.* § 68-618 (a) in an action brought in Polk County, Georgia, against the nonresident carrier and a resident of Polk County, as joint tortfeasors, growing out of an automobile collision which occurred in Alabama. *Held:*

1. *Code Ann.* § 68-618(a) provides that "Each nonresident motor common carrier shall, before any certificate or other authority is issued to it under this Chapter or at the time of registering

as required by section 68-633, designate and maintain in this State an agent or agents upon whom may be served all summonses or other lawful processes in any action or proceeding against such motor common carrier growing out of its carrier operations, and service of process upon or acceptance or acknowledgment of such service by any such agent shall have the same legal force and validity as if duly served upon such nonresident carrier personally . . ." and provides further that if no agent for service is designated, service may be had upon the Secretary of State. Service in this case was upon the Secretary of State.

The Court of Appeals held that the words in *Code Ann.* § 68-618 (a), "all summonses or lawful processes in any action or proceeding against such motor common carrier *growing out of its carrier operations*" is not limited to "carrier operations in this State" but includes carrier operations in Alabama, where the collision occurred.

With this we disagree. In determining the meaning of the words, "its carrier operations," *Code Ann.* § 68-618(a) must be construed in context with Title 68-6 of which it is a part. Title 68-6 of the Code is codified from the original Act (Ga. L. 1931, pp. 199, 213), and an amendment (Ga. L. 1963, p. 376). The title of the Act contains these words, "An Act to prescribe conditions and regulations under which common carriers by motor-vehicles are permitted to operate upon highways in this State; to regulate the business of common carriers for hire by motor-vehicles operated over the highways of this State, and the use of vehicles therein; to define 'motor common carrier' . . ."

The Act, *Code Ann.* § 68-601(c), defines the words, "public highway," as every public street, road, highway or thoroughfare of any kind in the State used by the public and in § 68-601 (e) defines the words, "Motor common carrier," as any person owning, controlling, operating, or managing any motor propelled vehicle used in transporting persons or property for hire on the public highways of this State as a common carrier.

Thus, when the words, "motor common carrier," are used in *Code Ann.* § 68-618 (a), they refer to motor common carriers using the public highways of this State and in providing that such nonresident motor common carrier shall designate an agent for service in this State upon whom service may be

perfected "in any action or proceeding against such motor common carrier growing out of its carrier operations," it necessarily refers to carrier operations upon the highways of this State. The provisions of the Motor Common Carrier Act relating to service on nonresident motor carriers are in derogation of the common law and must be strictly construed. *Norris Candy Co. v. Dixie Highway Express*, 102 Ga. App. 665 (117 SE2d 250); *Baker v. Baker*, 215 Ga. 688, 689 (1) 113 SE2d 113); *Millis v. Millis*, 165 Ga. 233, 236 (140 SE 503); *Williams v. Batten*, 156 Ga. 620 (119 SE 709). To construe the statute otherwise, as did the Court of Appeals, was to give it a very liberal construction, and one clearly unauthorized.

We, therefore, hold that under the facts of this case, there was no authority under *Code Ann.* § 68-618(a) for legally serving the carrier through the Secretary of State and that the City Court of Polk County was without jurisdiction of the case against that defendant. *Baker v. Baker*, 215 Ga. 688 (1), supra; *Stiles v. Stiles*, 183 Ga. 199 (187 SE 870).

Since the court was without jurisdiction over the person of said carrier, the Court of Appeals erred in affirming the ruling of the trial court sustaining the general demurrers to the carrier's plea to the jurisdiction, motion to quash process, and traverse of service. Though the Court of Appeals reversed the case on other grounds, it erred in not reversing that part of the judgment sustaining the general demurrers to the carrier's plea to the jurisdiction, motion to quash process, and traverse of service.

*Judgment affirmed with direction. All the Justices concur.*
ARGUED SEPTEMBER 14, 1964—DECIDED OCTOBER 8, 1964.

*Smith, Swift, Currie, McGhee & Hancock, William W. Horton, James B. Hiers, Jr., Glenn T. York, Jr.,* for plaintiff in error. *James I. Parker,* contra.