23074. BAKER, Administratrix, et al. v. BAKER.

CANDLER, Presiding Justice. On May 22, 1964, Anne Baker filed a suit in the Superior Court of Chatham County against Sara M. Baker, individually and as administratrix of the estate of C. C. Baker, for equitable relief. In substance her petition, as amended, alleges: She is the lawful widow of C. C. Baker who died intestate on January 27, 1964. On January 16, 1959, C. C. Baker filed a suit for divorce against her in the Superior Court of Chatham County, and a decree purporting to dissolve the marriage between them was granted on September 15, 1959. At the time such suit was filed and when the decree was rendered, she was a nonresident of the State of Georgia, residing in the State of New Jersey. An order for service on her by publication was granted on Jan-

uary 16, 1959, and pursuant thereto citation was published in the Savannah Evening Press during the weeks of January 22-29 and February 5-12, 1959, and a copy of the newspapers publishing such citation was mailed to her by the Clerk of Chatham Superior Court on May 15, 1959. For want of service on her in the manner and way provided by law, the decree entered in the cause is a nullity and there is a prayer that it be set aside. The petition further alleges that defendant Sara M. Baker, alleging herself to be the lawful widow of C. C. Baker, applied to the Court of Ordinary of Chatham County for letters of administration on his estate and was appointed permanent administratrix thereof. There is a prayer in the petition that she be enjoined from proceeding with the administration of his estate since petitioner, as the lawful widow of the deceased, is entitled under the laws of Georgia to be the legal representative of his estate. The defendant demurred to the petition generally on the ground that it stated no cause of action for any of the relief sought. The demurrer was overruled and there is an exception to that judgment. By consent the case was tried by the judge without the intervention of a jury and, after the parties had introduced their evidence, a decree was granted setting aside and declaring null and void the divorce decree but refusing to enjoin the defendant from proceeding with the administration of decedent's estate. The defendant, being dissatisfied with that portion of the judgment which set aside the divorce decree, moved for a new trial on the usual general grounds and later amended it by adding other grounds. Her motion for new trial as amended was overruled and she excepted to that judgment. *Held:*

1. Under *Code Ann.* § 81-207.2 providing for service by publication on nonresident defendants in divorce actions and under the ruling made by this court in *Baker v. Baker*, 215 Ga. 688 (1) (113 SE2d 113), the petition in the instant case alleges facts which, if proven, clearly show that the plaintiff, Anne Baker, was not legally served in the divorce action her husband, C. C. Baker, filed against her in the Superior Court of Chatham County, and that the decree rendered against her in such divorce action is null and void for want of the court's jurisdiction of her person; and since a void judgment is a nullity, there is no merit in the contention that the plaintiff's action to set it aside is barred by the three-year limita-

tion period for setting aside judgments. *Code* § 3-702; *Foster v. Foster*, 207 Ga. 519 (5) (63 SE2d 318). Judgments and decrees void for want of the court's jurisdiction to render them may be set aside at any time after rendition thereof. *Code* § 110-709; *Parish v. Parish*, 32 Ga. 653; *Buchan v. Williamson*, 131 Ga. 501 (3) (62 SE 815); *Ivey v. State Mutual Insurance Co.*, 200 Ga. 835 (2) (38 SE2d 601); *Foster v. Foster*, supra (3). And where, as here, the petition states a cause of action for some of the relief sought thereby, it is not subject to general demurrer. *McCray v. Caves*, 211 Ga. 770, 771 (1) (88 SE2d 373).

2. The court was authorized to find from the evidence that an order for service by publication on Anne Baker (the defendant in C. C. Baker's divorce action) was granted on January 16, 1959, and that no copy of the newspaper in which the notice of the pendency of Baker's divorce action was published was filed with and mailed by the clerk to Mrs. Baker (plaintiff in this action) within 15 days after such order for publication was granted as the law required. *Code Ann.* § 81-207.2. The record shows that the defendant in C. C. Baker's divorce action (the plaintiff in this suit) did not waive service by appearance, pleading or otherwise. In these circumstances, we hold that the trial judge was authorized to find that the divorce decree subsequently granted in such cause was null and void; and since he was, the general grounds of the motion for new trial are not meritorious. For cases so holding see *Williams v. Batten*, 156 Ga. 620 (119 SE 709); *Millis v. Millis*, 165 Ga. 233, 236 (140 SE 503); *Stiles v. Stiles*, 183 Ga. 199 (187 SE 870); and *Baker v. Baker*, 215 Ga. 688, supra.

3. The special grounds of the motion for new trial allege that the court erred in allowing an amendment to the petition and in overruling the defendant's motion to quash process, a plea of laches, and a motion to dismiss the petition. These are not questions which can properly be excepted to in a motion for new trial.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED SEPTEMBER 13, 1965—DECIDED SEPTEMBER 22, 1965.

*Ralph L. Crawford*, for plaintiffs in error.
*Julian Hartridge, Jr., Julian Hartridge, Sr.*, contra.