68761. TUCK v. CUMMINS TRUCKING COMPANY et al.

DEEN, Presiding Judge.
In September 1982 appellant Tuck, a Georgia resident, was injured in a collision occurring in Leeds, Alabama, and involving his vehicle and a truck operated by an employee of appellee Cummins Trucking Company (Cummins), a Tennessee-based motor contract carrier holding a Class G interstate permit from the Georgia Public Service Commission. This kind of permit is issued to firms which use Georgia roads for their interstate operations but which do not otherwise "transact business" in Georgia, as defined by OCGA § 14-2-310; see also OCGA §§ 14-2-317; 14-2-319. Pursuant to OCGA § 46-7-61, Cummins was insured by appellee Aetna Casualty and Surety Company (Aetna).
In October 1983 appellant brought an action in the Superior Court of Fulton County against Cummins and Aetna under the provisions of OCGA §§ 46-7-58 and 46-7-61, seeking recovery for personal injuries. Cummins' designated agent received service pursuant to OCGA § 46-7-62, and both defendants moved to dismiss on the ground, *inter alia*, of lack of personal and subject matter jurisdiction. In January 1984 the Fulton Superior Court dismissed the complaint against both defendants, with prejudice, for want of personal jurisdiction over Cummins.

Tuck has appealed from the judgment of dismissal of Aetna only, alleging that, even if the trial court had no personal jurisdiction of Cummins, Aetna is nonetheless liable *ex contractu*, and that the trial court erroneously applied Tennessee and Alabama statutes of limitation rather than Georgia's. Enumerated as error are (1) the trial court's "dismissing [the] complaint as to Aetna . . ., with prejudice, upon the grounds that [Tuck] lacked an actionable injury against Cummins . . .," and (2) the court's "dismissing [the] complaint as to Cummins . . . with prejudice, upon the grounds that it lacked personal jurisdiction over Cummins . . ." *Held*:

1. The statutory authority controlling motor contract carriers, such as Cummins, is OCGA § 46-7-50 et seq. OCGA § 46-7-1 et seq. makes analogous — usually verbatim — provisions for motor common carriers. Relevant portions of OCGA § 46-7-62 read as follows: "Each nonresident motor [contract] carrier shall, before any certificate or other authority is issued to it under this article or at the time of registering . . ., designate and maintain in this state an agent or agents upon whom may be served all summonses or other lawful processes in any action or proceeding against such motor carrier growing out of its carrier operations . . ."

In light of the well-established principle that statutory provisions in derogation of the common law must be strictly construed, *Taylor v. Jones*, 123 Ga. App. 476 (181 SE2d 506) (1971), the Georgia Supreme Court held in *Record Truck Line v. Harrison*, 220 Ga. 289 (138 SE2d 578) (1964), reversing 109 Ga. App. 653 (137 SE2d 65) (1964), at 290: "Thus, when the words, 'motor common carrier,' are used in Code Ann. § 68-618 (a) [the predecessor of OCGA § 46-7-17], they refer to *motor common carriers using the public highways of this State* and in providing that such nonresident motor common carrier shall designate an agent for service in this State upon whom service may be perfected 'in any action or proceeding against such motor common carrier growing out of its carrier operations,' it necessarily refers to carrier operations *upon the highways of this State*." (Emphasis supplied.) It is undisputed that the collision involved in the instant case occurred elsewhere than on the highways of Georgia. Georgia courts therefore have no personal jurisdiction of Cummins under the provisions of the relevant statute, and the trial court correctly dismissed the complaint with respect to that defendant.

2. Appellant cites authority to the effect that his action against Aetna is independent of that against Cummins and is therefore unaffected by the trial court's ruling that he cannot obtain jurisdiction of Cummins in the Georgia courts. In *Thomas v. Bobby Stevens Hauling Contractors*, 165 Ga. App. 710 (302 SE2d 585) (1983), this court held, at 711: "In addition to a suit in tort against a negligent motor carrier, [OCGA § 46-7-12] establishes an independent cause of action against

the carrier's insurer on behalf of a member of the public injured by the carrier's negligence." Citing *Farley v. Continental Ins. Co.*, 150 Ga. App. 389, 390 (258 SE2d 8) (1979), the *Thomas* court further held at 711: " ' "This being true, the policy of insurance is . . . a direct and primary obligation to any person who shall sustain actionable injury or loss by reason of the negligence of the insured in the operation of his motor vehicles insured under the policy" . . . "The cause of action is not on the tort; but on the contract . . ." ' " See also *Great American Indem. Co. v. Vickers*, 183 Ga. 233 (188 SE 24) (1936).

What appellant overlooks, however, is the plain teaching of Georgia law that an indispensable prerequisite to an action against the insurer is an "actionable injury." "The sustaining of *actionable injury* is, under the statute, the only condition precedent to a suit on the policy." *Thomas v. Bobby Stevens Hauling Contractors*, supra at 711; *Farley v. Continental Ins. Co.*, supra at 390. " 'Actionable injury' means an injury to a person who could sue the carrier and obtain a judgment for the injuries sustained . . . The plaintiff in error concedes . . . that in no event . . . could he have successfully sued the carrier . . . Since that is true . . . there would have been no way for the plaintiff in error to recover [against the surety] . . . for the reason that he could not have recovered a judgment against the principal." *Combs v. Carolina Cas. Ins. Co.*, 90 Ga. App. 90 (82 SE2d 32) (1954).

Because the relevant statute gives Georgia courts no personal jurisdiction of Cummins, and therefore provides appellant no "actionable injury" against Cummins in the Georgia courts, appellant lacks the "condition precedent required by the statute, which statute is an integral part of the contract of insurance." *Farley v. Continental Ins. Co.*, supra at 390. "While the 'cause of action' . . . is not on the tort, nevertheless the 'tort constitutes the real cause of action, and the liability of the insurance carrier on its policy, issued as required by law, is merely ancillary to that of the . . . carrier.' " *Addington v. Ohio Sou. Express*, 118 Ga. App. 770 (165 SE2d 658) (1968) citing *Maryland Cas. Co. v. Dobson*, 57 Ga. App. 594, 595 (196 SE 300) (1938).

The trial court correctly ruled that Tuck had no actionable injury against Cummins under Georgia law, and, therefore, no cause of action against Aetna in Georgia's courts.

3. We find no merit in appellant's contention, treated at length in his brief, that the trial court improperly based its dismissal on the ground that the Tennessee and Alabama statutes of limitation had run prior to his filing his action against Cummins and Aetna. It is obvious, from our review of the entire record, that the order of dismissal is not predicated upon the applicability *vel non* of a foreign statute but, rather, is based solely on the principles discussed in Divisions 1 and 2, supra.

4. We agree with appellant's contention that the trial court's des-

ignation of the dismissal on jurisdictional grounds as being "with prejudice" was error. OCGA § 9-11-41 (b). We therefore direct the trial court to strike from its order of January 17, 1984, the phrase "with prejudice" and to substitute therefor the phrase "without prejudice."

*Judgment affirmed, subject to the above direction; otherwise, reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JULY 3, 1984.

*Stephen L. Goldner, Terence A. Martin*, for appellant.
*H. Andrew Owen, Jr., Perry A. Phillips*, for appellees.