Monica J. MATHEWS, individually and as Executrix of the Estate of George W. Hill, deceased, Plaintiff,

v.

RAIL EXPRESS, INC.; Connecticut Insurance Company; and Anthony Elwood Mitchell, Defendants.

Civ. No. 1:93–CV–304–JEC.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 28, 1993.

George H. Connell, Jr., Office of George H. Connell, Jr., Atlanta, GA, for plaintiff.

Robert E. Correy, Jr., Frederick D. Evans, III, Pamela J. Byrd, Dennis, Corry, Porter & Gray, Atlanta, GA, for defendants.

## ORDER

CARNES, District Judge.

This case is presently before the Court on defendants' motions to dismiss [# 8 and # 15]. The Court has reviewed the record and the arguments of the parties and, for the reasons set forth below, concludes that the Court lacks personal jurisdiction over defendants. Accordingly, the Court grants defendants' first motion to dismiss [# 8] and denies defendants' second motion to dismiss as moot [# 15].

### Background

Plaintiff Monica Mathews brought the above-styled suit individually and as the executrix of the estate of her father George Hill. She alleges in her complaint that defendant Anthony Mitchell negligently drove his tractor trailer truck on Interstate 85 in Anderson County, South Carolina and caused a collision in which her father died. Defendant Mitchell was allegedly in the course of his employment for defendant Rail Express, Inc. at the time of the collision. Defendant Connecticut Indemnity Company is the insurer of defendant Rail Express.

Defendants have moved to dismiss on the basis of the Court's lack of personal jurisdiction over them. If the Court holds that it has jurisdiction over defendants, defendants seek a transfer of venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of South Carolina. Plaintiff asserts that this Court has personal jurisdiction · over defendants and that the Northern District of Georgia is a convenient forum for the litigation.

### Discussion

#### Personal Jurisdiction

A. Defendant Anthony Mitchell

 Defendant Anthony Mitchell is a resident of Virginia. In a diversity action, a federal court may assert jurisdiction over a nonresident only to the extent permitted by the long-arm statute of the forum state. *Southwire Co. v. Trans–World Metals & Co., Ltd.,* 735 F.2d 440, 442 (11th Cir.1984). Georgia's long-arm statute provides:

A court of this state may exercise personal jurisdiction over any non-resident ..., as to a cause of action arising from any of the acts ... enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:

(1) Transacts any business in this state;

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; ...

O.C.G.A. § 9–10–91 (Supp.1993).[1] Plaintiff argues the long-arm statute confers jurisdiction over defendant Mitchell because Mitchell transacted business in the state of Georgia. The "transacted business" subsection of the long-arm statute, however, applies only to contract claims, *DeLong Equip. Co. v. Washington Mills Abrasive,* 840 F.2d 843, 848 (11th Cir.1988), and plaintiff asserts tort claims against defendant Mitchell. Conse-

---

1. Subsection (4) concerns ownership of property, and subsection (5) concerns actions involving alimony and child support payments. Neither

subsection (4) nor (5), therefore, applies to this case.

quently, this Court does not have personal jurisdiction over defendant Mitchell under subsection (1).

■ In order to have personal jurisdiction over defendant Mitchell, plaintiff thus must have jurisdiction over him under subsections (2) or (3) of the long-arm statute. The long-arm statute applies to an action sounding in tort only when the tortious injury or the tortious act actually occurs in Georgia. *Howell v. Komori Am. Corp.*, 816 F.Supp. 1547 (N.D.Ga.1993) (Murphy, J.). Here, defendant Mitchell's alleged tortious conduct and the alleged tortious injury to Hill took place in South Carolina. Because neither the tortious injury nor tortious act occurred in Georgia, the Georgia long-arm statute does not confer jurisdiction over defendant Mitchell. Because the long-arm statute does not permit jurisdiction over Mitchell, this Court does not have personal jurisdiction over him, and the Court grants defendant Mitchell's motion to dismiss.

B. Defendant Rail Express

■ Defendant Rail Express is based in Winston Salem, North Carolina. Rail Express is a motor carrier which operates in Georgia under a Class G registration permit granting it the authority "to transport property in interstate commerce ... in the State of Georgia, in accordance with the Rules and Regulations of the Commission and the Georgia Motor Carrier laws applicable to Motor Carriers engaged solely in interstate business over the highways in Georgia." (Exh. A, Def.'s Mot. to Dismiss). Class G permits are issued to companies that use Georgia roads for their interstate operations but that do not otherwise "transact business" in Georgia. *Tuck v. Cummins Trucking Co.*, 171 Ga.App. 485, 320 S.E.2d 265 (1984).

Plaintiff asserts that because defendant Rail Express has an agent for service of process in Georgia, this Court has personal jurisdiction over Rail Express.[2] Defendant Rail Express contends, however, that it designated its registered agent pursuant to the

requirements of the motor carrier statute and that the requirements of O.C.G.A. § 46–7–17 apply only when the cause of action arises out of the carrier's operations in the state of Georgia. *Record Truck Line, Inc. v. Harrison*, 220 Ga. 289, 138 S.E.2d 578 (1964).

In its chapter on motor carriers, the Georgia code has separate articles for motor contract carriers and motor common carriers. Defendant Rail Express does not aver whether it is a motor contract carrier or a motor common carrier. The documents that both parties have submitted indicate that Rail Express is a motor contract carrier, because it has a permit from the Interstate Commerce Commission to operate as a contract carrier. The articles pertaining to contract carriers and common carriers, nevertheless, contain identical language concerning the appointment of a registered agent. In Article I on common carriers and in Article II on contract carriers, the code provides:

> Each nonresident motor [common or contract] carrier shall, before any certificate or other authority is issued to it under this article or at the time of registering as required by Code Section [46–7–16 or 46–7–61], designate and maintain in this state an agent or agents upon whom may be served all summonses or other lawful processes in any action or proceeding against such motor carrier growing out of its carrier operations ...

O.C.G.A. §§ 46–7–17; 46–7–62.

In 1964, the Georgia Supreme Court held that the phrase "in any action or proceeding growing out of its carrier operations" refers to carrier operations upon the highways of this state. *Record Truck Line, Inc.*, 220 Ga. at 291, 138 S.E.2d 578. Thus, the agent may be served only in cases that arise out of carrier operations in this state. The court held in *Record Truck Line* that the court in Polk County, Georgia did not have personal jurisdiction over a motor common carrier in a case arising out of a collision in Alabama. *Id.* The Georgia Court of Appeals likewise held that the statute did not confer personal

---

**2.** Plaintiff additionally alleges in her complaint that defendant Rail Express transacts business in Georgia. The Court does not have jurisdiction over Rail Express under subsection (1) of the long-arm statute, however, because subsection (1) applies only to actions on a contract. *DeLong Equip. Co.*, 840 F.2d at 848.

jurisdiction over a nonresident motor contract carrier when the accident at issue in the suit occurred in Alabama. *Tuck v. Cummins Trucking Co.*, 171 Ga.App. 485, 320 S.E.2d 265 (1984).

The facts of this case parallel the facts in *Tuck.* In *Tuck,* the carrier had a Class G permit; it had designated an agent pursuant to O.C.G.A. § 46–7–62;[3] and the truck had an accident outside of Georgia. The court held that Georgia courts had no personal jurisdiction over the carrier because the collision involved did not occur in Georgia. Because the courts of Georgia would not have jurisdiction over defendant Rail Express, this Court has no jurisdiction over it. *Southwire Co.*, 735 F.2d at 442. Accordingly, the Court grants defendant Rail Express' motion to dismiss.

C. Defendant Connecticut Indemnity Company

 Plaintiff does not allege in her complaint how defendant Connecticut Indemnity is joined in the suit. Defendants assume that plaintiff joined defendant Connecticut Indemnity pursuant to Georgia's Direct Action Statute, O.C.G.A. § 46–7–12. Section 46–7–12 establishes an independent cause of action against a carrier's insurer on behalf of a member of the public injured by the carrier's negligence. *Thomas v. Bobby Stevens Hauling Contractors*, 165 Ga.App. 710, 711, 302 S.E.2d 585 (1983).[4]

A condition precedent to a suit under section 46–7–12 is an "actionable injury" against the carrier. *Tuck*, 171 Ga.App. at 487, 320 S.E.2d 265 (citing *Thomas*, 165 Ga.App. at 711, 302 S.E.2d 585). Because the motor carrier statute provides this Court with no personal jurisdiction over Rail Express, plaintiff has no "actionable injury" against Rail Express in this Court, and plaintiff lacks the condition precedent necessary to bring a suit against defendant Connecticut Indemnity. *Tuck*, 171 Ga.App. at 487, 320 S.E.2d 265. Thus, plaintiff may not bring suit against Connecticut Indemnity in this Court. The Court, accordingly, grants defendant

Connecticut Indemnity Company's motion to dismiss.

### Conclusion

For the foregoing reasons, the Court grants defendants' motion to dismiss [# 8] and denies defendants' second motion to dismiss as moot [# 15].

SO ORDERED.

---

3. The corresponding motor common carrier statute is O.C.G.A. § 46–7–17.

4. The corresponding statute for a motor contract carrier is O.C.G.A. § 46–7–58.